[No. 47. Decided November 18, 1890.]

FRANK M. BARD, H. C. PATRICK AND JOHNSON STOUT
v. JOHN W. KLEEB.

#### FINDINGS OF FACT.

A recital in a judgment that "the court finds the matters and things set forth in the complaint are true" is not a sufficient finding of facts, as required by § 246, Code Wash. T.; especially when the reply admits that one of the allegations of the complaint is untrue.

*Appeal from District Court, Pierce County.*

The facts are set out in the opinion.

*Town & Likens,* for appellants.

*Applegate & Titlow,* for appellee.

The opinion of the court was delivered by

STILES, J.—This was a bill in equity filed to compel the specific performance of a contract for the sale of standing timber, and numerous articles of personal property, the performance involving the payment of the sum of $302.75 in money, the execution and delivery of certain promissory notes secured by a mortgage, and the procurement of a policy of insurance. An injunction to restrain the sale of the contracted property, and the appointment of a receiver, were asked, pending the litigation. The cause was tried by the court, and a judgment for $2,199.65 and costs was rendered against the defendants. A motion for a new trial was denied and the cause appealed to this court. One of the grounds for a reversal urged by the appellants is, that no findings of fact or law were filed by the court as required by § 246 of the code, and as we consider the objection well taken, we shall confine our decision to that point, in the main. Section 246 is as follows: "Upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly." This language is almost precisely the same as that of §§ 632–3 of the Code of Civil Procedure of California. No findings of fact whatever were made or filed in this case, it is conceded. But the appellee points out that in the judgment there occurs the following: "The court finds the matters and things set forth in the complaint are true, and that upon the cause of action therein set forth, said defendants, Bard and Patrick, are indebted to the plaintiff in the sum of three hundred and two dollars and twenty-five cents ($302.25), with interest thereon at the rate of ten per cent. per annum from October 8, 1888, and the further sum of two thousand dollars ($2,000.00), with interest thereon at the rate of eight per cent. per annum from

the 20th day of October, A. D. 1888, and the further sum
of ten dollars ($10.00) for his attorney fee herein; and that
on account of the matters set up in the answer, defendants
are entitled to recover, by way of set-off against plaintiff's
demand, the sum of two hundred and fifty dollars ($250.00),
to be deducted as of the date October 20, 1888." This
we are urged to accept as a compliance with the statute,
inasmuch as it is there stated that the court "finds the mat-
ters and things set forth in the complaint are true," and
several cases from the California reports are cited to sus-
tain this view, or to avoid the effect of the omission, should
we not agree with the appellee. So far as we are aware,
from the Washington Territory reports, this is the first
time this issue has been squarely raised here, and we shall
therefore allude to a number of California cases on the
subject. In *McEwen v. Johnson*, 7 Cal. 258, is the first
instance where findings of fact made by reference to the
pleadings were sustained, but there the findings were:
"That the facts stated in the plaintiff's complaint are true,"
and "That the facts stated in the defendant's answer are
not true," and the court said: "Under these provisions,
we think that the finding may well refer to the pleadings
for a specification of the facts found, and not found; pro-
vided, such reference is sufficiently distinct to make it
intelligible, and the facts are sufficiently stated in the
pleadings. In this case there was a very clear and simple
statement of the facts, in both the complaint and answer."
In *Pralus v. Mining Co.*, 35 Cal. 30, the decision says:
"The *special findings* of fact by the court, as found in the
record, cover the *material* issues in the case, and the gen-
eral finding that 'all the allegations and averments in
plaintiff's complaint are true, and that all in the answer
are untrue,' is sufficient and conclusive of all the issues
made by the pleading," citing *McEwen v. Johnson*. In
*Williams v. Hill*, 54 Cal. 390, the statement is: "The ob-
jections that the findings do not support the judgment, in

that the court did not find as to the alleged mistake, is fully
answered by the finding of the court 'that all the facts set
forth in the complaint are true,' and by the fourth find-
ing." *Carey v. Brown*, 58 Cal. 180, sustains the finding:
"That all the allegations of the complaint are true, and all
the allegations of the answer are untrue," on the authority
of *Pralus v. Mining Co.* Likewise in *Davis v. Drew*, 58
Cal. 152, certain findings of the court were objected to, one
of them being in the following form: " 4. And all and
singular the allegations contained in paragraphs 1, 2, 3 and
4 of defendant's answer are true." But the supreme court
sustained the finding, with this exclamation of regret: "This
mode of finding facts by reference to the answer, or portions
of it, is not to be commended. It imposes greater labor in
this court, both on counsel and court. But our predeces-
sors have accepted such findings as proper and sufficient,
and therefore we do not feel disposed to adopt a different
course." There are many other cases in the California
reports on this subject, but we do not find a single one in
which a total absence of findings was sustained, except for
reasons hereafter mentioned, or one in which the recitals of
a judgment were taken as a compliance with the law. In
every one of the cases mentioned above, findings were *filed*,
and in all but the first there were special as well as general
findings. We now stand where the supreme court of Cali-
fornia stood in 1857, when it passed upon the case of *Mc-
Ewen v. Johnson*, and we deem it better, as we have the
opportunity, to shape the practice in this state so that our
successors may not have to repeat the helpless plaint of
the California supreme court, when deciding *Davis v. Drew*,
in 1881. The cases in California, however, hold that un-
less it appears affirmatively, by the record, that findings of
fact were not waived in the court below, it will be taken
that there was a waiver, and therefore no error, and ap-
pellees urge a like practice here. But § 634 of the Cali-
fornia Code of Civil Procedure expressly provides three

methods by which findings of fact may be waived, and
the case of *Mulcahy v. Glazier*, 51 Cal. 626, clearly explains
the theory upon which the supreme court of that state
holds as it does as to waivers. It is enough to say that we
have no statutory provision of this sort whatever, and
therefore nothing to base such ruling upon. *Eakin v.
McCraith*, 2 Wash. T. 112, is cited to sustain the proposi-
tion that if the findings are general, the aggrieved party
must move in the court below, to have them made more
specific. But that was not a case where there were no
findings; on the contrary, the findings made and filed
are quoted in the opinion, and we do not observe that
any point was made in the argument as reported, against
the findings, but even if there were, we do not dissent
from the decision of our predecessors under the circum-
stances stated in their decision.

The case under consideration is, therefore, not parallel
with any of the cases cited or discussed above. The com-
plaint was long and much involved. The answer, in addi-
tion to general denials of almost everything in the complaint,
alleged fraudulent misrepresentations, payment, compli-
ance with the contract, and failure of the plaintiff to comply,
and his want of ability to comply, besides a paragraph in
the nature of a counterclaim for damages, and the reply
admitted one very material allegation of the complaint,
viz.: the ownership of certain timber contracted to be sold,
to be untrue. Therefore, were we to admit that the recital
in the judgment that " the court finds the matters and
things set forth in the complaint are true," to be a find-
ing, within the statute, we must hold it to be entirely in-
sufficient. Indeed, the court could not find the allegations
of the complaint to be true in the face of the admission of
the reply as to the ownership of the timber. Again, this
"finding" makes no disposition whatever of the allegations
of the answer, except that it awards $250.00 to the defend-
ants, but whether as damages or on account of payments

alleged, does not appear. And the judgment itself, being for $2,199.65 in favor of the plaintiff, negatives the idea that the allegations of the complaint were found to be true, since under its allegations the judgment prayed for would have been the only proper judgment, and not a judgment for money. True, we are informed in the course of argument by counsel, that the time for the payment of the notes for $2,000.00 had expired at the time of the trial, and for that reason the money judgment was entered; but that could not be done without the filing of a supplemental complaint, under code, § 114, when the cause of action would change from that of specific performance to one of money demand on contract, with, perhaps, a foreclosure of the promised mortgage.

Under these circumstances it is unnecessary for us to revert to or pass upon the numerous errors assigned by the appellants, upon the court's refusal to admit certain testimony of the defendant, and to exclude certain testimony of the plaintiffs, except that we may say that there are twenty-seven of these alleged errors, requiring the minute examination of the whole mass of shorthand testimony, and the retrial of the entire case, all of which serves to emphasize the necessity of proper findings in this instance. These alleged errors were nearly all connected with the introduction of a certain written contract, which was the basis of the action, and if we had here the view of the trial court, expressed in the findings concerning that contract, there would have been little or no propriety in bringing up the voluminous testimony, as the appeal would, in all probability, have been based upon the proposition that the conclusions of law and the judgment were not warranted by the facts found, a pure question of law, not requiring any statement of facts or the great expense necessary to its preparation and settlement.

As we regard it, § 246 is for the protection of court and parties. To the court it gives an opportunity to place

upon record its view of the facts and the law in definite written form, sufficiently at large that there may be no mistake. To parties it furnishes the means of having their causes reviewed, in many instances without great expense. The findings of fact are deemed a verdict, and are subject to the same rule as a verdict; and that they be found, is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution, without express waiver.

While we are upon this subject, and touching the requisites of proper findings, we cite *Breeze v. Doyle,* 19 Cal. 102, and *Hidden v. Jordan,* 28 Cal. 302, as authorities. The judgment of the court below must be reversed, and a new trial granted, with leave to the plaintiff to file a supplemental complaint, and with further proceedings in accordance with this opinion. And it is so ordered ; costs to appellants.

ANDERS, C. J., and HOYT and SCOTT, JJ., concur.

DUNBAR, J., not sitting.

### ON PETITION FOR REHEARING.

STILES, J.—In this case, a petition for rehearing having been filed, in denying the petition, we deem it proper to add to the opinion on file something by way of enlargement and explanation, as it appears the opinion may be misunderstood.

In the first place, the statement in the opinion that this was a case in equity, goes no further than that the form of the complaint made it appear so. The cause, for the reason that the sums alleged to be due had become due before the trial, was treated by the court and parties as an action at law for money due, and the judgment was for money. Under this view of it, the right to a trial by a jury existed, and when the court tried the case without, its proceeding was controlled by § 246, requiring the findings of facts and conclusions of law. Whether, in a purely equitable action,

findings are necessary, it is not necessary to hold; but it would seem not, as such cases come up on appeal from final judgment upon the entire record and testimony for a new trial in this court. It is urged that § 451 of the code practically does away with § 246; but we view the former section as only applying to equity causes, and as to be read in connection with that part of § 464 which refers to actions by equitable proceedings. Moreover, were the appellee's position as to § 451 admitted, its terms were not complied with. The evidence was not certified as required in that section, but in the form of a statement under the act of 1883; and not being so certified, the plain inference would be, that this obstacle to the objection that there were findings had no existence.

ANDERS, C. J., and SCOTT, HOYT and DUNBAR, JJ., concur.