[No. 190. Decided June 2, 1891.]

## J. B. KILROY v. D. A. MITCHELL.

EQUITY — FINDINGS OF LAW AND FACT — MECHANICS' LIENS.

Although findings of fact and law are proper in a suit in equity, they are not essential to the validity of a judgment rendered therein.

A suit to foreclose a mechanic's lien cannot be transformed into an action at law by the defendant setting up a legal defense by way of counter-claim.

| 2 | 407 |
|---|---|
| 3 | 46 |

| 2 | 407 |
|---|---|
| 8 | 590 |
| 26⁺ | 865 |
| 36⁵ | 491 |

| 2 | 407 |
|---|---|
| 25 | 620 |

| 2 | 407 |
|---|---|
| 40 | 3 |

*Appeal from Superior Court, Pierce County.*

Suit by D. A. Mitchell against J. B. Kilroy to foreclose a mechanic's lien, to which the defendant interposed a counter-claim for damages. Judgment for plaintiff, and defendant appeals.

*Judson, Sharpstein & Sullivan,* for appellant.

*G. W. Van Fossen,* and *Parker & Williamson,* for appellee.

The opinion of the court was delivered by

HOYT, J. — The sole ground upon which it is sought to reverse the judgment entered in this cause in the court below is, that there were no findings of fact and law to support the same. That such findings are necessary in actions at law, when tried by the court without a jury, is clear from our statute, and has become the established law of this state. See *Bard v. Kleeb,* 1 Wash. 370 (25 Pac. Rep. 467), decided at the last session of this court. We think, however, that such findings, although orderly and proper in cases in equity, are not essential to the validity of the judgment. Judgments of law are founded upon general or special verdicts of juries, or findings of the court which take the place thereof. Without such verdicts or findings

there is nothing to support the judgment. Cases in equity stand upon a different basis. The decrees therein, while founded upon facts the same as in cases at law, are placed upon a broader basis than any technical determination of what has been proven by the testimony; such judgments really stand upon the entire evidence in the cause. It will thus be seen that the reasons for holding findings essential in a law case do not obtain in a cause in equity. Besides, on review in this court, a judgment at law will usually stand or fall upon the verdict or findings, without any reference to the evidence as a whole; while in equity it is the duty of this court to retry the cause, not upon verdicts or findings, but upon the testimony introduced in the court below. Section 451 of the Code of Washington is reasonable and proper, if held to apply only to suits in equity, and we think should be thus construed.

Appellant, seeing the force of the reasoning above suggested, sought to show that this action, though commenced as a suit in equity, was, by the action of the defendant in setting up a legal defense by way of counter-claim, transformed into a suit at law. We do not think that this view of the case is warranted. A court of equity, having once obtained jurisdiction of a cause, will retain it until final determination thereof. See *Installment, etc., Loan Co. v. Wentworth*, 1 Wash. 467 (25 Pac. Rep. 298), decided at last October session. It follows that findings of fact and law were not necessary to the jurisdiction of the court in rendering judgment in this cause, and that the judgment of the court below must be affirmed.

ANDERS, C. J., and DUNBAR, SCOTT and STILES, JJ., concur.