[No. 1101.  Decided April 4, 1894.]

JOSEPH WINTERMUTE *et al.*, *Respondents*, v. WILLIAM CARNER *et al.*, *Appellants.*

APPEAL — LAWS CHANGING PROCEDURE — APPLICATION TO PEND-
ING APPEALS — SPECIFIC PERFORMANCE — EQUITABLE ACTIONS —
FINDINGS OF COURT — TRIAL OF QUESTIONS OF FACT.

Where a law regulating appeals provides that it "shall govern proceedings had after it shall take effect, in actions then pending as well as those in actions thereafter begun, but shall not affect any right acquired or proceeding had prior to the time when it shall take effect," the settlement of a statement of facts on a pending appeal must be governed by the provisions of such law, although judgment had been rendered and notice of appeal given prior to the taking effect of the law.

A contract for the sale of a mill cannot be specifically enforced by the purchaser, when there is an outstanding judgment against him for the payment of one installment of the purchase price, without first requiring the payment of the judgment, and its payment subsequent to the rendition of the decree of specific performance will not avail plaintiff on appeal, if it has not been paid in compliance with such decree.

Sec. 379, Code Proc., requiring the court to make findings of fact in actions tried without a jury, has no application to causes of equitable cognizance.

In equitable causes it is discretionary with the court to submit questions of fact to the jury, or to try all the issues itself.

*Appeal from Superior Court, Pierce County.*

*Calkins, Shackleford & Calkins*, and *Claypool, Haight & Cushman*, for appellants.

*A. R. Titlow*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—Judgment was entered in this cause in favor of the respondents and against the appellants, on May 29, 1893.   Notice of appeal was served June 7, 1893, and thereafter and on June 27, 1893, an order was made

by the court, after notice to respondents, extending the
time for filing a statement of facts to July 17, 1893, on
which date the said statement was filed with the clerk of
the superior court. On July 26 thereafter notice was
served on respondents that appellants would apply to the
judge who tried the cause, on the 2d day of August fol-
lowing, to settle and certify the statement of facts, at which
time, over the objection of counsel for the respondents,
the judge settled and certified the same. The respondents
now move this court to strike the statement of facts so
settled and certified from the record herein, and to affirm
the judgment, mainly for the alleged reasons that the
notice was not given nor the statement settled and certified
within the time prescribed by law.

Counsel for the respondents proceeds upon the theory
that the provisions of the Code of Procedure were appli-
cable to the proceedings objected to, and that therefore the
court had no jurisdiction in the premises at the time it set-
tled and certified the statement, and that its action in that
regard was a mere nullity; and if counsel's premise is true,
his conclusions are evidently correct. But the appellants
contend that the proceedings relating to the notice and set-
tlement were in accordance with the provisions of the act
of March 8, 1893, which was in effect at the times men-
tioned, and that the provisions of the code were not appli-
cable thereto. We are constrained to say that, in our
judgment, the contention of the appellants ought to pre-
vail. Section 18 of the act referred to (Laws 1893, p.
118) provides that—

"This act shall govern proceedings had after it shall take
effect, in actions then pending as well as those in actions
thereafter begun; but it shall not affect any right acquired
or proceeding had prior to the time when it shall take
effect, nor restore any right or enlarge any time then al-
ready lost or expired."

We think it is well settled that no one has a vested right in or to any particular remedy or method of procedure.    And this being so, the legislature had a right to change the law and make it applicable, as changed, to all proceedings thereafter had or taken, in any cause.    And as the appellants in this instance seem to have properly proceeded under the new law, it follows that their statement of facts should not be stricken from the record. Moreover, it appears from an examination of § 13 of this act, concerning the settling and certifying of statements of facts and bills of exceptions (Laws 1893, p. 117), that it is therein provided that no irregularity or failure to pursue the steps prescribed by the act, on the part of any party, or the judge, shall affect the jurisdiction of the judge to settle or certify a proper bill of exceptions or statement of facts.    That provision disposes of the question of the jurisdiction of the judge to settle and certify the statement of facts herein.    The respondents' motion is denied.

Upon the merits of this appeal there are but few questions to be determined.    The first one is, did the court below err in decreeing a specific performance of the contract set forth in the complaint?

The appellants insist that the respondents were not entitled to such a decree, for the reason that neither at the time of the commencement of this action nor even at the time of the trial had they performed their part of the agreement, and that performance on their part was a condition precedent to their right of action.    It is a fundamental doctrine of courts of equity that neither party to a contract will be permitted to enforce it specifically against the other, until he has shown that he has done, or offered to do, or is ready and willing to do, every material act or thing required of him by the agreement at the time of commencing the action, and also that he is ready and willing to do all acts required of him in the execution of the

contract in accordance with its terms and conditions. Pomeroy, Contracts, § 323. And this doctrine is but the application of the maxim, "He who seeks equity must do equity."

The contract in question, which was executed on September 3, 1892, stipulated, among other things, that the appellants would execute and deliver to the respondents a bill of sale of a certain shingle mill and appurtenances then owned by appellants, and a lease of the premises on which the mill was situated for a period of two years from August 31, 1892, and also an assignment of the right to take shingle timber from certain described lands, on condition that the respondents should pay to the appellants $300 at the time of signing the agreement (and take possession of and commence to operate the mill), $125 in cash on October 30, 1892, and the further sum of $125 on November 30, 1892, and also assume and pay off a mortgage upon said property amounting to $1,250, within six months after it matured, or on April 29, 1893. In the meantime no title to the property was to pass to or vest in the respondents, and they were in no manner to transfer or incumber the same.

It was also agreed that if the respondents failed to make any payment when due, they should forfeit all money theretofore paid, and that the appellants might rescind the contract. The evidence discloses that, at the time of the trial, all payments had been made in accordance with the terms of the agreement, except that of $125, which fell due on October 30, 1892, and which seems to have been withheld on account of damages claimed to have been suffered by respondents by reason of alleged acts of the appellants in violation of the obligations of their contract.

The appellants, however, did not elect to rescind the contract on account of this default in making payment, but, on the contrary, they brought an action for the

amount of the deferred payment, together with other claims against the respondents, and recovered judgment therefor, which judgment was unpaid at the time of the trial of this cause. And, if nothing further had been shown by the evidence, the fact that this payment had not been made would have completely defeated the right which the respondents otherwise might have had to insist upon a specific performance on the part of the appellants. But the respondents were willing to "do equity," and offered at the trial to pay the amount due from them to the appellants if the court deemed it necessary for them to do so. The court, however, decreed a specific enforcement, as we understand the record, without first requiring said payment to be made. This, we think, was error, from the effects of which the appellants are entitled to be relieved.

It is claimed by counsel for the respondents, in his brief, that the judgment against the respondents which included the $125 deferred payment has, as matter of fact, long since been paid. But if that be true, and the payment was made after the rendition of the decree appealed from, and not in compliance therewith, it cannot operate retroactively so as to affect the rights or status of the parties at the time the decree was entered.

The appellants next complain of the action of the court in permitting the respondents to file a supplemental complaint, but we discover nowhere in the record that appellants objected thereto. Our statute provides that the court may, on motion, allow supplemental pleadings showing facts which occurred after the former pleadings were filed. And it is a just provision, because it enables a party to an action to place all of the facts constituting his right to relief before the court. No prejudice seems to have resulted to appellants from this action of the court, and we would therefore hardly be justified in reversing the judgment on account thereof, even if a proper exception had been preserved.

It is further objected that the court made no findings of fact in this cause, and that therefore its decree is invalid. But this court has repeatedly held that § 379 of the Code of Procedure, cited by appellants, has no reference or application to equitable actions. See *Bard v. Kleeb*, 1 Wash. 370 (25 Pac. 467); *Kilroy v. Mitchell*, 2 Wash. 407 (26 Pac. 865); *Enos v. Wilcox*, 3 Wash. 46 (28 Pac. 364).

Lastly, it is contended that the question of damages should have been submitted to a jury, and that the court committed error in refusing to call a jury to assess the damages in this case, at the request of the appellants. It is a sufficient answer to this objection to say that this was an equitable action brought for the purpose of obtaining an injunction (which was granted), specific performance of a contract, and damages resulting from wrongful acts of appellants, and that, in such cases, the court having jurisdiction will determine all of the issues and make a final decree granting both legal and equitable relief. Pomeroy, Eq. Jur., §§ 181, 183, 236; *Installment, etc., Loan Co. v. Wentworth*, 1 Wash. 467 (25 Pac. 298); *Kilroy v. Mitchell, supra*.

In equitable causes the method of determining questions of fact is discretionary with the court. It may try all the issues, or submit questions of fact to the jury, if it sees fit to do so. *Randall v. Randall*, 114 N. Y. 499 (21 N. E. 1020); *Acker v. Leland*, 109 N. Y. 5 (15 N. E. 743).

Inasmuch as the appellants have practically treated the title of the property which the respondents seek to have transferred by a decree of court as being in the respondents, by suing for a part of the purchase price thereof, and as it appears that but a comparatively small portion of the purchase price was in arrear at the time of the trial, we have concluded that we ought to consider this case as an exceptional one, and sustain the judgment: *Provided*, The respondents shall, within thirty days from the date of the

filing of this opinion, pay to the clerk of this court for the use of the appellants the sum of $125, together with legal interest thereon from October 3, 1892, or make satisfactory proof that the same has been heretofore paid; otherwise, the judgment and decree of the lower court will be modified by reversing all of that portion thereof awarding a specific performance of the contract mentioned and set forth in the complaint.   Costs of this court to appellant.

DUNBAR, C. J., and SCOTT, HOYT and STILES, JJ., concur.