(No. 5556. Decided August 7, 1905.)

CARSTENS & EARLES, *Appellant,* v. W. V. HINE *et al.,*
*Respondents.*[1]

APPEAL—REVIEW—HARMLESS ERROR ON TRIAL DE NOVO. In an
action tried without a jury, error cannot be assigned upon the re-
ception and exclusion of evidence, where it is not made to appear
that the findings were based upon incompetent evidence or that evi-
dence was wrongfully excluded

SAME—TRIAL AMENDMENT—HARMLESS ERROR. Taking under ad-
visement and failing to pass upon an application for a trial amend-
ment to the complaint, in an action tried without a jury, is not
ground for reversal when it appears from the evidence that no
prejudice resulted.

APPEAL—REVIEW—FINDINGS—HARMLESS ERROR. Failure to make
requested findings is not error warranting a reversal, where it ap-
pears that the result would have been the same in any event, although
the party may have been entitled to have findings made upon the
matter in issue.

APPEAL — REVIEW — FINDINGS — CONFLICTING EVIDENCE. Findings
will not be disturbed on appeal where the evidence is conflicting and
complicated and the trial court had opportunity to judge of the
credibility of the witnesses, and his findings appear to be supported
by an equal weight of the evidence.

Appeal from a judgment of the superior court for Whatcom
county, Neterer, J., entered December 3, 1904, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action upon a promissory
note. Affirmed.

*Garrett & Grover,* for appellant.

*T. E. Cade,* for respondents.

ROOT, J.—This action was brought to recover a balance
alleged to be due upon a promissory note made, executed,
and delivered by respondents to L. P. White & Co., and sub-
sequently assigned to plaintiff. Prior to said assignment,
$300 had been paid on said note.

1Reported in 81 Pac. 1004.

Respondents were engaged in the manufacture of shingles. Appellant was a shingle broker firm. An arrangement was made by which respondents were to sell shingles through appellant, and the latter was to credit the sum of $50 upon said note for every car-load of shingles thus sold. Respondents claim that no interest was to be charged, but in lieu thereof appellant was to have one-half of the amount allowed on account of "underweights." Appellant disputes this. There is much controversy as to the terms of the arrangement, and as to the amount of the payments made and credits allowed. The case was tried before the judge without a jury, and resulted in a judgment in favor of respondents. Appeal therefrom is taken.

Several errors are assigned as to the reception and exclusion of evidence. As there was no jury, and as it is not made to appear that the findings and judgment were based upon any incompetent or immaterial evidence, or that the evidence excluded was wrongfully rejected, to the prejudice of appellant, we cannot sustain any of these assignments of error.

During the trial, appellant asked permission to amend its complaint as to the amount credited upon the note. The trial judge took the request under advisement, and seems not to have passed upon it. In the light of the evidence, we cannot see that appellant was in any manner prejudiced thereby. Trial courts should be very liberal in allowing a party to make amendments at any stage of the proceedings, at the same time protecting the other party's rights. But this court will not reverse a case unless it appears that a refusal to grant such amendments may have injured the requesting party.

Appellant complains that the trial court did not make findings as to certain matters regarding which it requested them. Where a party in good faith requests the trial court to make findings as to certain questions involved, which he

believes to be material, it is, ordinarily, right and proper that the court should so do. If the party believes these questions material, he should have findings regarding them, so that, in case of appeal, he may bring up such matters without the trouble and expense of procuring a statement of facts or bill of exceptions. The fact that the trial judge differs from counsel as to what is material is not in itself a sufficient reason for denying the latter's request for a finding upon an issue which he deems material. In the case at bar, however, we think it appears with reasonable certainty that the result would have been the same in the trial court and here, had the findings been made as requested.

The evidence is conflicting and complicated. It would require much space to make an analysis of it. We are not satisfied that appellant's contention upon the disputed issues is supported by the preponderance, or by an equal weight, of the evidence. We are satisfied that there was sufficient evidence, if believed, to sustain the trial court's findings and judgment. The trial judge was in a better position than are we to judge of the credibility of the witnesses. In view of this and of the complicated facts and contradictory evidence, we are not disposed to disturb his findings.

The judgment of the superior court is affirmed.

Mount, C. J., Crow, Rudkin, and Fullerton, JJ., concur.