[No. 12038. Department One. January 8, 1915.]

AMBROSE FRED COLVIN et al., Respondents, v.
DELBERT CLARK, Appellant.[1]

ACTION—NATURE—LEGAL OR EQUITABLE. An action brought for an accounting and the cancellation of a contract resolves itself into an action at law for the amount due on the contract, where there is neither allegation nor proof to sustain an equitable suit for an accounting, and nothing more is involved than a simple issue of fact as to how much is due plaintiffs under their contract of sale of timber, to be paid for monthly as cut and scaled by defendant.

TRIAL—FINDINGS OF FACT—NECESSITY. In an action at law tried by the court, findings of fact and conclusions of law are a necessity, in order to support the judgment of the court, under Rem. & Bal. Code, §§ 367, 368, requiring findings in such cases and providing that they stand as the verdict of a jury, except as qualified as to their weight by § 1736.

APPEAL—REVIEW—ERRORS NOT AFFECTING SUBSTANTIAL RIGHTS— REMAND FOR FINDINGS OF FACT. Under Rem. & Bal. Code, § 307, pro-

[1]Reported in 145 Pac. 419.

viding that the court shall disregard any error or defect in the proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed by reason thereof, the supreme court, on reversing a cause for failure of the trial judge to make findings of fact and conclusions of law, will remand the case to the court below with instructions to make such findings and enter judgment thereon.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered September 15, 1913, in favor of the plaintiffs, in an action on contract, tried to the court. Reversed.

*Troy & Sturdevant,* for appellant.

*Thomas M. Vance* and *Harry L. Parr,* for respondents.

CHADWICK, J.—On the 25th day of April, 1912, plaintiffs and defendant entered into a written contract for the sale of the merchantable fir timber on certain lands belonging to the plaintiffs, in consideration of the payment of two dollars per thousand feet. The material parts of the contract follow:

"It is agreed that the amount of timber upon the said land is 10,825,000 feet; said timber shall be paid for by the party of the second part as the same shall be cut and logged, the mill scale shall be taken for the purpose of determining approximately the amount of timber logged each month, but the amount of timber to be taken and paid for is agreed to be 10,825,000 feet as aforesaid. All timber logged each month shall be settled and paid for by the party of the second part on the 15th of the following month until said timber is fully paid for. The party of the second part, his successors and assigns agree to take and remove said timber and pay for the same as above set forth within five years from the date of this contract. . . . The sum of two thousand dollars shall be deposited by the party of the second part in the Capital National Bank of Olympia, to the credit of the guardian of the minor children of Ambrose Fred Colvin and Anna Colvin upon the execution of this contract, and said two thousand dollars cash shall be credited to the party of the second part on the last one million feet of timber cut."

The land is divided by a road and by other physical conditions, and is referred to by the parties, and will be by us, as the north and the south side. Prior to the time the contract was entered into, the parties had negotiated between themselves concerning the sale of the timber on the south side. There is no controversy between them as to the amount of timber on that tract. All agree, for the purposes of this suit, that it was 5,825,000 feet. A memorandum showing this amount had been reduced to writing. Cruises of the north side timber had been theretofore made, the quantity of the timber as shown by the cruises varying. The cruises were: Valentine, 5,530,000 feet; Champlin, 4,902,000 feet; and Manning, 4,800,000 feet. The parties met in the office of Mr. Otis in Olympia to reduce their contract to final form, and it was there agreed that the north side timber should be included in the sale and a contract was written so as to include a description of the land upon which it was growing.

Defendant built a logging road into the north side and proceeded to log the land, and has removed all but 390,000 feet, as estimated by witness Moore, a cruiser who was put upon the stand by plaintiffs. Defendant had cut some cedar and ties and spars that were not scaled at the mill, and had removed his active logging operations from the north side. Plaintiffs then brought this action praying for an accounting and a cancellation of the contract. They have endeavored to maintain their action as a suit in equity. The court denied a cancellation of the contract, and an appeal has been taken from the order.

Whatever may have been the original theory of the plaintiffs, it seems to us that this is not a suit in equity, but a simple action at law for the amount due on contract. There is neither allegation of fact nor proof of fact to sustain the action as an equitable suit. It is true that plaintiffs, in demanding that which they conceived to be their due, have said that an accounting is necessary and have prayed for an accounting. Under the contract, plaintiffs were entitled to

payment for all of the timber removed during the previous month. Payments were made from month to month. Plaintiffs brought this action at a time when they believed that the defendant was abandoning the north side with part of the timber uncut. They claim no more than this: that they have not been paid all that is due. This fact would not change the controlling principles of law. The action remains as one upon contract, and it cannot be made an equitable suit by a demand for an accounting unless that demand is based upon some reasonable ground justifying equitable interference. There is no allegation that an accounting is necessary to prevent a multiplicity of suits. There is no fiduciary relation between the parties, nor is it alleged, nor does the proof show, that mutual accounts have been kept by the parties and that they are so involved that a jury would not be likely to arrive at the true state of the account. The fact that the proof is difficult or that the proof is largely in the keeping of the opposite side, is not enough in itself to justify equitable interference. In fact, the proof in this case upon either side is quite simple. It is purely a question of the amount of timber cut by defendant. The payment is a mere matter of calculation. It seems to us that counsel have confused the words "accounting" and "payment." If every difference between parties to a contract as to the amount due thereon would justify an accounting, there would be no such thing as an action at law for breach of contract. Nor can the character of the action be fixed by the fact that plaintiffs have used phrases and demands peculiar to equity. A court will look to the substance of the pleadings and to the character of the proof in determining the character of the proceeding.

In *Knowles v. Rogers*, 27 Wash. 211, 67 Pac. 572, an action was brought as a law action. After trial, "the action was purely equitable." So in this case, there was no pretense of reliance upon equitable principles in the trial of the

case. The court determined a simple issue of fact, and entered a money judgment for the amount he found due.

Defendant has been quick to appreciate the legal situation of the plaintiffs, and in the court below and in this court has insisted that the trial judge should have made findings of fact and conclusions of law. To save the point, findings and conclusions were proposed and were refused. Counsel for defendant has brought his case squarely within the following decisions of this court: *Bard v. Kleeb*, 1 Wash. 370, 25 Pac. 467, 27 Pac. 273; *Kilroy v. Mitchell*, 2 Wash. 407, 26 Pac. 865; *Wilson v. Aberdeen*, 25 Wash. 614, 66 Pac. 95. We would be glad to hold, if it were possible to do so in the light of our previous decisions and Rem. & Bal. Code, § 367 (P. C. 81 § 645), that the refusal of the court to make findings was error without prejudice, but the statute and the duty that is upon us to follow rules of practice and procedure arising out of the construction of statutes compels a holding that the error was prejudicial to the right of the defendant.

Findings, under Rem. & Bal. Code, § 368 (P. C. 81 § 647), except as qualified as to their weight by § 1736 (P. C. 81 § 1225), stand as the verdict of the jury. In one of our earlier cases, it is said:

"Judgments of law are founded upon general or special verdicts of juries, or findings of the court which take the place thereof. Without such verdicts or findings, there is nothing to support the judgment." *Kilroy v. Mitchell, supra.*

The purpose of § 367 is to permit, if not to encourage, appeals without bringing up a statement of facts, for, as is said in the *Kilroy* case just cited, "a judgment at law will usually stand or fall upon the verdict or findings, without any reference to the evidence as a whole." The first ruling upon the question before us is found in *Bard v. Kleeb, supra.* Our court reviewed the California cases and noted the confusion that had arisen in that state by reason of the courts'

attempts to find a way around a similar statute when occasion seemed to require it. It is there said:

"We have the opportunity, to shape the practice in this state so that our successors may not have to repeat the helpless plaint of the California supreme court,"

and it was accordingly held that a recital in a judgment that "the court finds the matters and things set forth in the complaint are true" was not a compliance with the statute. In a later case, *Wilson v. Aberdeen,* 25 Wash. 614, 66 Pac. 95, the statute was held to be mandatory. So far as we are informed, there has been no departure from the rule of these cases in law, actions.

The point raised by counsel for defendant is well taken. But it does not follow that the action will be reversed and remanded for a new trial. While the statute, Rem. & Bal. Code, § 307 (P. C. 81 §303), has never been invoked, so far as we know, in a case like this, it seems to us to be peculiarly applicable. It is provided:

"The court shall, in every stage of an action, disregard any error or defect in pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

In the case at bar the testimony has been taken. No right of either party will be conserved by a new trial. The case fails here because the refusal of the trial judge to make findings "affect(s) the substantial rights of the adverse party." This can be corrected, if the case is remanded with instructions to the lower court to make findings and enter a judgment thereon. There is no reason in law or sound sense for a retrial. The judge had and will have the whole testimony before him and he can find, presumptively at least, the same facts and draw the same conclusions as he would if the testimony were taken over again. We have, therefore, determined that this case shall be remanded to the court from whence it came, with instructions to the trial judge to cause

findings to be prepared and to enter judgment thereon from which either party may appeal. Defendant will recover his costs in this court. The taxation of the costs of the trial in the court below will be reserved until the final disposition of this case.

CROW, C. J., GOSE, MORRIS, and PARKER, JJ., concur.