[No. 12604.    Department One.    August 4, 1915.]

## WESTERN DRY GOODS COMPANY, *Appellant*, v. M. L. HAMILTON *et al.*, *Respondents.*[1]

TRIAL—FINDINGS OF FACT—NECESSITY. In an action at law in which issues of fact are tried out on the merits before the court without a jury, findings of fact are necessary to support the judgment; under Rem. & Bal. Code, § 367, providing that, upon the trial of an issue of fact by the court, its decision shall be given in writing, with the facts found and the conclusions of law separately stated.

SAME—FINDINGS OF FACT—WAIVER. Findings of fact, necessary to support a judgment in an action at law tried to the court on the merits, are not waived by appellant's failure to request such findings as the court is willing to make, after having denied plaintiff's requested findings.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered October 22, 1914, in favor of the defendant, in an action on contract, tried to the court. Reversed.

*Nelson R. Anderson,* for appellant.

*Karr & Gregory* and *Bruce N. Martin,* for respondent Hamilton.

CHADWICK, J.—This is an action at law, tried by the court without a jury. Lester E. Hamilton defaulted. Counsel for appellant prepared findings of fact and conclusions of law consistent with his theory of the case and presented them to the court. The court refused to sign these findings and entered a judgment in favor of respondent M. L. Hamilton, without having made findings of fact or conclusions of law.

We are met at the threshold of the case by an assignment of error which again brings us to a consideration of Rem. & Bal. Code, § 367:

"Upon the trial of an issue of fact by the court its decision shall be given in writing and filed with the clerk. In

[1]Reported in 150 Pac. 1171.

giving the decision the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

This court has held that, unless there are findings by the court or a verdict of a jury, there is nothing to support the judgment. *Kilroy v. Mitchell*, 2 Wash. 407, 26 Pac. 865; *Bard v. Kleeb*, 1 Wash. 370, 25 Pac. 467, 27 Pac. 273. And further, that this section of the statute is mandatory. *Wilson v. Aberdeen*, 25 Wash. 614, 66 Pac. 95. These cases are adhered to and followed in the case of *Colvin v. Clark*, 83 Wash. 376, 145 Pac. 419.

Counsel for respondent assert, however, that the case should not be reversed because of the omission of the court, for the reason that appellant is not in position to avail himself of the statute or the rule of the cases cited, in that he did not request findings that the court was willing to sign. *Slayton v. Felt*, 40 Wash. 1, 82 Pac. 173. Under a similar record, the court said in that case:

"It is true that appellant did request the trial court to make findings of fact in favor of himself, upon the issues raised by the pleadings, the same being claimed by him to be warranted by the evidence admitted. The court, not thinking the evidence warranted such findings, refused to sign the same. It does not appear, however, that appellant at any time requested the court to make such findings of fact and conclusions of law as it might determine to be proper or warranted by the evidence. We think this request should have been made, before appellant would be entitled to base a successful assignment of error upon the refusal of the court to make any findings whatever. . . . In view of this fact, and, also, the further fact that appellant failed to request the court to make findings in accordance with its view of the evidence, we think no error prejudicial to appellant has been committed. In an action at law, either party has the right to request a trial court to make such findings of fact as it may deem proper, upon all the issues involved, or upon any particular issue, which such party may deem material or important, and such findings should then be made. A mere request, however, to make certain findings in favor of such

party only, is not in itself sufficient. Of course, it is the proper and correct practice for a party to request findings in his own favor, to which he may think himself entitled, so that he may make proper exceptions to their refusal. But such findings in his favor having been refused and excepted to, he must, if he desires to assign error on a failure to make any findings or conclusions whatever, also request the court to make such findings as it thinks the evidence warrants. This was not done by appellant in this action."

Three of the judges signing the opinion did so upon the theory that no findings are necessary where no affirmative relief is granted. They concurred in the result of the court's consideration of the case and not in the reasoning of the writer of the opinion and the judges who followed him.

After further consideration of the statute and all of our decisions and a free discussion of the issue now presented, a majority of the court as now constituted are of opinion that the reasoning of the court in the case cited is not consistent with the statute and does violence to the decisions of this court that are cited in the opinion. The statute had already been held to be mandatory, and a judgment entered without findings to be voidable upon direct attack as having nothing to support it. The holding in the *Slayton* case, notwithstanding the former declarations of the court, is that the statute is not mandatory, *unless* counsel request findings covering his own theory of the case, and these being refused, he prepare and submit findings covering the theory of the prevailing party or of the court.

The statute puts no such burden upon a defeated litigant, nor does it, by its terms, warrant an implication of any exception to its mandatory features. A losing party has done all that the law requires of him when he has given the trial judge an opportunity to sign the findings and conclusions he believes should be made and found. If the opposing party is willing to take a judgment with no findings to support it, he does so at his peril. The reasons why find-

ings should be prepared and signed are obvious and have frequently been adverted to by this court.

"As we regard it, § 246 is for the protection of court and parties. To the court it gives an opportunity to place upon record its view of the facts and the law in definite written form, sufficiently at large that there may be no mistake. To parties it furnishes the means of having their causes reviewed, in many instances without great expense." *Bard v. Kleeb,* 1 Wash. 370, 25 Pac. 467, 27 Pac. 273.

It is that a party "may bring up such matters without the trouble and expense of procuring a statement of facts or bill of exceptions." *Carstens & Earles v. Hine,* 39 Wash. 498, 81 Pac. 1004. The statute is sustained by a consideration equally as important: that is, that the facts may be readily understood by this court and that we may know the questions upon which the parties do not agree. Although the rule is that findings of fact and conclusions of law are unnecessary in equity cases, it is a matter of frequent trouble and embarrassment for us to gather from the whole record in such cases the theory and conclusions of the trial judge upon particular or collateral questions that arise in every case and frequently have an important bearing upon the general result. In the case at bar, the theory of the trial court is not entirely clear to us, nor is it made clear by the briefs of counsel. There are several grounds upon which his judgment may have been rested, and we think that it is asking no less than we are entitled to to have the benefit of his judgment upon the facts as well as upon the law.

Neither do we agree with the proposition that "findings are not necessary where no affirmative relief is granted." It may be admitted that no findings are necessary where a judgment of dismissal is entered. This court has frequently so held. But a judgment entered after a trial upon facts found, or for want of facts, is not a judgment of dismissal. It is a judgment upon the merits. As, for instance, a judgment of dismissal because the complaint does not state a

cause of action, and a refusal to plead over, would require no findings of fact, for the evident reason that there has been no inquiry into the facts. It is otherwise where testimony is taken and a judgment entered upon an issue of fact. A judgment in which no affirmative relief is granted cannot be made the equivalent of a judgment of dismissal. The one follows a want of sustaining law, the other a want of sustaining fact. Suppose a party brought an action upon a note outlawed upon its face, and plead that the defendant had been out of the state for a time sufficient to toll the statute, and upon issue joined, the court should hold that the defendant had been within the jurisdiction of the court at all times and enter a judgment, without findings of fact, that plaintiff take nothing and that defendant go without day, having his costs, could it be contended that the statute might be ignored because no "affirmative relief. is granted," or that it is a "judgment of dismissal?" To so hold would be to say that findings should be entered when the plaintiff prevails, but are unnecessary when the defendant prevails, unless the defendant take affirmative relief. It might be good practice, but the answer to the suggestion is that the statute neither expresses nor implies any exceptions, modifications, or interpretations that will admit of it.

This case depends upon facts which the court found in favor of respondent. The judgment being upon the merits and having no finding of facts to support it, the case is reversed and remanded with directions to follow the procedure suggested in the case of *Colvin v. Clark, supra.*

Reversed and remanded.

MORRIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.