[No. 15149.   Department One.   May 9, 1919.]

AMBROSE FRED COLVIN et al., Respondents, v.
DELBERT CLARK, Appellant.[1]

JUDGMENT (222)—CONCLUSIVENESS—MATTERS IN ISSUE AND ACTU-
ALLY LITIGATED. Where there was one entire contract for the sale of
standing timber on two tracts, a judgment in an action for the
timber cut on one tract, construing the contract and finding that
defendant had kept a proper scale of the logs cut as required by
the contract, is conclusive of those questions in another action on
the contract for timber cut on the other tract, where there was no
evidence in the second action directly challenging the scale kept.

LOGS AND LOGGING (3)—CONTRACTS FOR CUTTING—EVIDENCE. Where
timber was to be paid for as cut, as shown by a scale of the logs,
in an action for installments on the contract for timber cut, an in-
accurate scale is not shown by taking the amount left standing from
the amount originally estimated, as there may have been an over-
estimate, and where, under the contract, the total amount called
for must be paid in the end in any event.

Appeal from a judgment of the superior court for
Thurston county, Mitchell, J., entered August 23,
1917, upon findings in favor of the plaintiffs.   Re-
versed.

*Troy & Sturdevant,* for appellant.

*Thomas M. Vance* and *T. F. Mentzer,* for respond-
ents.

TOLMAN, J.—This case has already been before this
court, and was reversed for failure of the trial court
to make findings of fact and conclusions of law. *Colvin
v. Clark,* 83 Wash. 376, 145 Pac. 419.   While this ac-

[1]Reported in 180 Pac. 878.

tion was pending, a second suit was commenced by the same plaintiffs against the same defendant, involving the same contract, for the purpose of recovering the stumpage value of timber alleged to have been cut from the south tract, as distinguished from the north tract involved in this action, the contract being an entirety but the timber lying in two distinct bodies. The second suit came up on appeal, and is reported in *Colvin v. Clark*, 101 Wash. 100, 172 Pac. 214, where the contract involved is set forth, and is construed by this court, and a comprehensive statement of the facts will be found.

Appellant contends that the decision last referred to is fully decisive of all of the issues involved in this appeal. While the respondent contends that, though this court held in the case decided in 101 Wash., that the timber cut was paid for according to an admittedly correct scale kept by the defendant, yet in this case the mill or log scale kept by the defendant was repeatedly and continually challenged; and therefore invites us to hold that the scale as kept was incorrect, and that respondent should be permitted to recover in this case at the contract price for the difference between five million feet of merchantable timber, estimated at the time of the making of the contract to be in the north tract, and the amount paid for according to the defendant's scale, less 390,000 feet, the amount estimated to be still standing at the time of the trial below. This has necessitated an examination of the evidence relating to the log scale kept by the defendant, and we have read the whole record carefully, but find nothing therein which directly challenges the accuracy of the scale as kept. Respondents' case was presented upon the theory that there was admittedly five million feet of merchantable timber in the north

tract when the contract was made; that, at the time
of the trial below, there remained but 390,000 feet
still uncut in that tract, and that, therefore, since the
amount of timber cut and paid for as shown by the
scale did not equal the difference, the scale must nec-
essarily be incorrect. Since the total amount of tim-
ber in the north tract was but an estimate in the
first place and the record abounds with evidence which
indicates that the amount may have been overesti-
mated, since the amount which remained standing is
also but an estimate and the only direct evidence of
the amount cut is that contained in the scale, and
since the appellant must in the end pay for the total
amount called for by the contract, as construed by
our former decision, the judgment appealed from
must be reversed, and the cause remanded with direc-
tions to dismiss.

MACKINTOSH, MAIN, and FULLERTON, JJ., concur.