[No. 19000.   Department One.   May 13, 1925.]

THE STATE OF WASHINGTON, *on the Relation of C. M. Dunn et al., Respondents,* v. MIKE PLESE, *Appellant.*[1]

CONTEMPT (18)—AFFIDAVIT—SUFFICIENCY. There was a sufficient affidavit initiating proceedings for contempt in violating an injunction, within Rem. Comp. Stat., § 1052, where it set out the decree and a substantial statement of the facts constituting its violation.

SAME (21)—JURISDICTION—SERVICE OF NOTICE. The service of a copy of the affidavit instituting contempt proceedings is not jurisdictional, where the show cause order, duly served, was sufficient to notify the defendant that he was charged with violating a certain designated previous order of the court.

SAME (25)—TRIAL (150)—DUTY TO MAKE FINDINGS. Under Rem. Comp. Stat., § 367, requiring findings of fact in an action at law tried to the court, findings are essential to sustain a judgment of contempt.

[1]Reported in 235 Pac. 961.

TRIAL (150)—FINDINGS—REQUESTS—WAIVER. Findings of fact are not waived by failure to request them.

TRIAL (152)—FINDINGS—FORM AND SUFFICIENCY. A finding that "defendant is guilty of contempt as charged" is not a sufficient compliance with Rem. Comp. Stat., § 367, requiring findings of fact in actions at law tried to the court.

Appeal from a judgment of the superior court for Kittitas county, Nichoson, J., entered June 18, 1924, adjudging a contempt, after a trial on the merits. Remanded for further proceedings.

*Ernest J. Hover* and *Stanley Pilkington Seddon,* for appellant.

*E. E. Wager,* for respondents.

BRIDGES, J.—The respondents are the owners of a certificate of public convenience and necessity, issued by the department of public works, authorizing them to carry passengers and express for compensation by motor vehicles from the city of Cle Elum to Cle Elum lake and intermediate points, in this state, using the public roads in that connection. The appellant is the operator of a for hire automobile, having his principal place of business at Roslyn, which is one of the intermediate points above mentioned. Sometime ago, the respondents, or their predecessor in interest, instituted suit against the appellant and others seeking to enjoin them from doing business in competition with them; and after a hearing, a judgment was entered in that case enjoining the appellant

". . . from carrying or transporting any passengers or express by motor vehicle for compensation between Cle Elum and Cle Elum lake or intermediate points, in competition with this plaintiff, his successors or assigns . . . and from in any manner soliciting for the defendants the transportation of passengers or express by motor vehicle for compensation on said

route or any part thereof or from in any manner holding out to the public that the defendants are operating a public stage or bus to transport passengers or express over said route or any part thereof,"

but that nothing contained in the judgment "shall be construed to, or shall, prohibit the defendants, their agents and employees, from operating a bona fide taxicab business."

There was no appeal from this judgment. Later, the respondents filed with the clerk of court of Kittitas county an affidavit showing, or claiming to show, that the appellant had been guilty of violating the above mentioned injunction, and asked that an order issue to him requiring him to appear and show cause why he should not be punished for contempt, and such order was issued; and after a hearing a judgment of contempt was entered, and this appeal therefrom follows.

The appellant made a special appearance, objecting to the jurisdiction of the court, for the reason that the show cause order served upon him was not sufficient in that it did not recite any facts or give any dates upon which any alleged violation of the previous judgment had been made by him, and also because no copy of the affidavit upon which the proceeding was based was served upon him.

Section 1051, Rem. Comp. Stat. [P. C. § 7444], is with reference to contempt committed in the immediate view or presence of the court. Section 1052, Rem. Comp. Stat. [P. C. § 7445], reads as follows:

"In cases other than those mentioned in the preceding section, before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a

warrant of arrest to bring such person to answer in the first instance."

The affidavit on which this proceeding is based sets out in full the injunctional decree, and alleges that the respondents are now the owners of the certificate of convenience and necessity and are operating thereunder and that the appellant

". . . has been and now is operating a public stage under the pretext and guise of a taxicab and that particularly on the 30th of May, A. D. 1924, the said defendant, Mike Plese, solicited passengers for transportation between the cities of Cle Elum and Roslyn, in Kittitas county, Washington, and then and there represented that he was operating a public stage on said date and said defendant carried passengers for compensation in said motor vehicles driven by said defendant between Cle Elum and Cle Elum lake and intermediate points in Kittitas county, Washington, in competition with plaintiffs and holding and setting out to the public as operating a public stage or bus to transport passengers between said points and intermediate points and violated the provisions of said judgment entered in said cause contrary to the provisions of the judgment herein referred to and in violation of said judgment."

The order to show cause directed the appellant to appear at a given time and place and show

". . . why he should not be punished for contempt of court for violating the injunction and decree in the cause of Ernest C. Savage, engaged in business under the trade name of Roslyn-Cle Elum Transportation Co. v. Plese et al., defendants, being cause No. 6696."

A copy of this show cause order was duly served on the appellant.

We have held that the making and filing of the affidavit is jurisdictional, and that it must state facts constituting the alleged contempt, and that a substantial

statement of the facts will be sufficient to give the court jurisdiction. In *In re Coulter,* 25 Wash. 526, 65 Pac. 759; *State ex rel. Victor Boom Co. v. Peterson,* 29 Wash. 571, 70 Pac. 71; *State ex rel. Dorrien v. Hazeltine,* 82 Wash. 81, 143 Pac. 436. It is plain to us that the affidavit which inaugurated this proceeding was amply sufficient to comply with the statute and to conform to the holdings of this court.

But it is contended that the court did not obtain jurisdiction of the appellant or the proceeding because no copy of the affidavit was served with the show cause order or at all. There is not much authority on this question. Expressions can be found in a few opinions tending to indicate that a copy of the initiatory papers must be served; but these cases are, for the most part, based upon statutes. Our statute requires that the warrant of arrest or show cause order shall be served, but it does not require service of the affidavit or other initiatory papers. In the absence of any statutory requirement that the affidavit shall be served, a service of the warrant of arrest or show cause order provided by statute is sufficient to give the court jurisdiction; provided, of course, the show cause order is in itself sufficient. Here it particularly notified the appellant that he was charged with violating a certain designated previous order of the court. We have no doubt the court had jurisdiction and power to try the case on its merits.

A more serious question arises on the objection of the appellant that the court failed to make any findings of fact upon which its judgment of contempt could rest.

Section 367, Rem. Comp. Stat. [P. C. § 8486], is as follows:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the

clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly.''

In many cases this court has held that, while in an equitable action the trial court need not make any findings, yet in all actions at law findings are necessary to a review of the judgment by this court. The citation of the case of *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171, will be sufficient in support of the assertion made. In that and other cases we have held that the above statute is mandatory.

Whether findings in a contempt proceeding are necessary appears not to have been decided by this court. Our statute with reference to contempt proceedings seems to be silent on this question. The authorities outside of this state are in conflict. In 6 R. C. L. 536, it is said:

''That the facts constituting the contempt need not be set out in the record is the general rule in England, and there are some authorites in this country holding that a judgment or sentence for contempt is valid without any recital of the facts which constitute the contempt where there are moving papers which contain the facts. But there is a decided tendency towards adopting a rule which obviously serves the surer ends of justice, that a court has no right to adjudge a party to be in contempt of court without making findings of fact showing as a matter of law that the party accused is in fact guilty of contempt, . . .''

The following are some of the cases which seem to hold that in a proceeding of this character findings of fact are necessary: *Hoffman v. Hoffman,* 26 S. D. 34, 127 N. W. 478, 30 L. R. A. (N. S.) 564 and note; Ann. Cas. 1913A 956 and note; *In re Deaton,* 105 N. C. 59, 11 S. E. 244; *State v. Mott,* 49 N. C. 449; *Bergin v. Deering,* 70 Hun (N. Y.) 379; *Ex parte Robertson,* 27 Tex. App. 628, 11 S. W. 669; *In re Odum,* 133 N. C. 250,

45 S. E. 569; *In re McCarty*, 154 Cal. 534, 98 Pac. 540. The following are cases which seem to hold to the contrary: *Ex parte Henshaw*, 73 Cal. 486, 15 Pac. 110; *Shore v. People*, 26 Colo. 516, 59 Pac. 49.

While a contempt proceeding has some of the characteristics of a criminal action, it is a civil proceeding. In *Terminal Railroad Ass'n v. United States*, U. S. Adv. Ops. 1924-25, p. 1, the court said of a similar case: "the nature of the proceeding is civil and remedial, not criminal." If, as we have held, findings are necessary in the ordinary case, they ought to be more useful and necessary in a case of this character where the defendant may not only be fined but imprisoned. This court ought to know upon what specific acts the trial court held appellant to be guilty of contempt. We think there is every reason to apply our general rule with reference to findings of fact to a case of this character.

It is said, however, that the appellant is in no position to take advantage of the failure of the court to make findings of fact, because he did not request them until long after the judgment had been made. But in *Western Dry Goods Co. v. Hamilton, supra,* we expressly held that failure to make the request for findings does not waive them and in so holding we overruled a previous decision.

It is said that, in any event, the judgment did make findings, for it recites that the court: "finds the said defendant guilty of contempt of court as charged in the affidavit filed in this case." Some courts hold that such a finding is sufficient but at an early date, and in *Bard v. Kleeb,* 1 Wash. 370, 25 Pac. 467, 27 Pac. 273, we laid down the rule which would require that a reference to the pleadings in the case does not comply with the statute with reference to findings. If the findings

here made are sufficient, then the only finding that need be made in any ordinary case would be that the facts stated in the complaint are true. It was the intention of the statute that the trial court should make specific findings and that by reading them we could tell on what the judgment rests. For these reasons we are convinced that the so-called findings contained in the judgment do not comply with the statute.

Following the rule laid down in *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419, and *Western Dry Goods Co. v. Hamilton, supra,* the case is remanded to the superior court with instructions to cause findings to be prepared and to enter judgment thereon, from which either party may appeal.

TOLMAN, C. J., MAIN, ASKREN, and PARKER, JJ., concur.