[No. 19495.  Department One.  January 8, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Victor A. Kinne, Appellant,* v. J. A. JAMESON, *Respondent.*[1]

[1] CONTEMPT (25)—TRIAL (150)—DUTY TO MAKE FINDINGS. Findings are essential to sustain a judgment for contempt, under Rem. Comp. Stat., § 367, requiring findings of fact in actions at law tried to the court.

[2] COSTS (63)—ON APPEAL—DISMISSAL. On remanding the state's appeal from the dismissal of contempt proceedings for want of findings of fact, the costs of the appeal must be assessed to the appellant.

[3] APPEAL (488)—DETERMINATION—REMAND FOR FURTHER ACTION. Where the trial court failed to make findings of fact required by law, the case will be remanded for proper findings.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered February 11, 1925, dismissing contempt proceedings, after a trial on the merits, to the court. Remanded for further proceedings.

*Phil G. Warnock,* for appellant.

*James Collins Lloyd,* for respondent.

HOLCOMB, J.—This is an appeal from a civil contempt proceeding, growing out of an alleged interference and obstruction of the judgment of the trial court in a divorce proceeding in which both the former wife of relator, and an associate whom she afterwards married, who is respondent in this case, were proceeded against. It seems that the wife was found guilty of the contempt, and respondent was not. From the dismissal of the proceeding against respondent relator appeals.

[1]Reported in 242 Pac. 36.

[1]  No findings of fact were made by the trial court, and under the rule announced in *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961, the case must be remanded for findings of fact and judgment thereon.

See, also, *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171.

[2, 3]  The costs of this appeal must be assessed to appellant.  It is hardly just to the trial judge, however, to say that the judgment of the trial court is reversed, as was said in the two last cited cases.  The case is merely remanded, with instructions to cause findings to be prepared and enter judgment from which either party may appeal.

TOLMAN, C. J., ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.