[No. 19473. Department One. January 29, 1926.]

Davis & Banker, Incorporated, *doing business under the firm name and style of Methow Transportation Company, Appellant,* v. Wenatchee-Okanogan Warehouse Company, *Respondent.*[1]

[1] Trial (150)—Findings—Necessity. Findings of fact are necessary on the dismissal of a law action tried to the court, and a memorandum opinion of the judge is not a sufficient finding, where it was in the form of a letter, not filed before judgment, or made a part of the statement of facts.

[2] Costs (66)—Appeal—Reversal—Denial of Award to Appellant. Upon remanding a cause for findings of fact, which were not requested by appellant, costs on appeal will not be awarded to either party.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered May 26, 1925, in favor of the defendant, dismissing an action on contract, tried to the court. Remanded for findings of fact.

*P. D. Smith,* for appellant.

*Johnson & O'Connor,* for respondent.

Holcomb, J.—This is a law action, brought upon an acceptance of an order for the payment of money, tried to the court without a jury upon issues of fact. No findings of fact or conclusions of law were made.

[1]Reported in 242 Pac. 965.

Appellant, therefore, contends that the judgment must be reversed, and the cause remanded for findings of fact and conclusions of law under our decisions in *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *State ex rel. Eilers Music House v. French,* 100 Wash. 552, 171 Pac. 527; *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961.

Respondent contends that no findings were requested, and, under our decision in *Croft v. Croft,* 77 Wash. 620, 138 Pac. 6, appellant is in no position to raise the point, and, further, that a memorandum opinion of the trial judge was brought up.

[1] As to the memorandum opinion of the trial judge, it appears in the form of a letter to the attorneys for the respective parties, which was not incorporated in, nor certified by the trial judge, as a part of the statement of facts, and is merely attempted to be brought here by a supplemental transcript certified by the clerk. This letter, or memorandum, of the trial judge does not appear to have been filed in the superior court prior to the judgment, or, at any time, until after this appeal was taken. Nor does the certificate of the clerk of the superior court show any date of filing of the same. Nor was it ever filed as findings of fact to support conclusions of law and judgment.

In the *Hamilton* case, *supra,* we held that, under the statute (Rem. Comp. Stat., § 367), the making and filing of findings of fact and conclusions of law in a law action tried to the court is mandatory. We also over-ruled *Slayton v. Felt,* 40 Wash. 1, 82 Pac. 173, to the contrary. Although the *Croft* case, *supra,* was not noticed in any of the later cases, it was, in effect, over-ruled by the later cases declaring the statute mandatory.

Upon this condition of the record, we have no option

but to remand the case to the trial court for findings of fact and conclusions of law, as was done in the *Plese* case, *supra,* from the judgment on which· either party may appeal.

· See, also, *State ex rel. Kinne v. Jameson,* *ante* p. 261, 242 Pac. 36.

[2] Since appellant did not request findings of fact and conclusions of law, we are of the opinion that it is somewhat at fault, and should not be awarded costs on this appeal. Neither party will recover costs. on appeal.

The cause is remanded for further proceedings as herein indicated.

TOLMAN, C. J., FULLERTON, and MAIN, JJ., concur.