Chin Toy appeals from an order adjudging him in contempt of court, and directing that he be committed to the county jail until he shall produce the eight-year-old son of relator, Susie McLean, or until further order of the court. Relator filed her petition for a writ of habeas corpus, in which she alleged that appellant was in possession of her son, and prayed that a writ of habeas corpus issue, directing that the child be brought before the court with a view to herself obtaining his custody. Appellant appeared, and filed his answer and return to the petition and writ, denying that he had possession of relator's child or that he knew the boy's whereabouts. The record shows that the court ordered appellant to produce the child before the court by a time certain, otherwise to stand committed for contempt. Appellant not producing the *Page 193 
child at the time fixed by the court, the court adjudged appellant to be in contempt of court, and ordered his commitment to the county jail. On appeal being taken to this court, appellant was admitted to bail.
Respondent has not appeared before this court, and no brief has been filed here other than that prepared by appellant.
[1] No evidence was taken before the trial court, and no findings of fact were made upon which the order directing the commitment of the appellant was based.
Under these circumstances, the order committing appellant was irregular. Appellant's answer and return to the petition and writ of habeas corpus raised an issue of fact, which required the taking of testimony and the entry of findings before any order committing appellant as for contempt could properly be entered. As was said by this court in the case of State ex rel. Dunn v.Plese, 134 Wn. 443, 235 P. 961:
"While a contempt proceeding has some of the characteristics of a criminal action, it is a civil proceeding. In TerminalRailroad Ass'n. v. United States, U.S. Adv. Ops. 1924-25, p. 1 [266 U.S.], the court said of a similar case: `the nature of the proceeding is civil and remedial, not criminal.' If, as we have held, findings are necessary in the ordinary case, they ought to be more useful and necessary in a case of this character where the defendant may not only be fined but imprisoned. This court ought to know upon what specific acts the trial court held appellant to be guilty of contempt. We think there is every reason to apply our general rule with reference to findings of fact to a case of this character."
In that case this court applied the rule laid down in the case of Western Dry Goods Co. v. Hamilton, 86 Wn. 478,150 P. 1171, to a contempt proceeding, *Page 194 
which rule was followed in the later case of State ex rel. Kinnev. Jameson, 137 Wn. 261, 242 P. 36.
Following the procedure adopted in the case last cited, this proceeding is remanded with instructions to the trial court to proceed with the trial of the issues raised by the pleadings, to make findings on such testimony and enter an order pursuant thereto, from which any party deeming himself aggrieved may appeal.
HOLCOMB, MAIN, FULLERTON, and TOLMAN, JJ., concur.