[No. 18673.   Department Two.   October 23, 1924.]

## THE STATE OF WASHINGTON, *on the Relation of D. A. Howland, Plaintiff,* v. OLYMPIA VENEER COMPANY *et al., Respondents.*[1]

TRIAL (150)—FINDINGS OF FACT—NECESSITY.  A mandamus pro-
ceeding to compel the officers of a corporation to transfer stock
on the books of the company, presents nothing but legal questions
and Rem. Comp. Stat., § 367, requires the trial judge to give his de-
cision, dismissing the case, in writing, separately stating his con-
clusions of law and findings of fact.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered October 29, 1923,
dismissing mandamus proceedings, after a trial on the
merits to the court.  Reversed.

*James O. Marts* and *Troy & Yantis,* for appellant.

*A. W. Tyler,* for respondents.

PER CURIAM.—The respondent, Olympia Veneer
Company is a corporation.  The other respondents are
the trustees and officers thereof.  The relator,
Howland, purchased from a stockholder of the corpo-
ration a share of its capital stock and presented it to
the managing officers of the corporation with the re-
quest that it cause it to be transferred upon the books
of the corporation in the manner and in accordance
with the requirements of the statute relating to the
transfer of corporate stock.  The officers refused to
make the transfer, whereupon the relator instituted
in the superior court of Thurston county proceedings
in mandamus for the purpose of compelling them so
to do.  Issue was joined on the allegations of fact set
forth by the relator as grounds for the relief sought,
and a trial was had on the merits of the controversy

[1]Reported in 229 Pac. 529.

before the trial judge. The trial resulted in a judgment denying the writ and a dismissal of the proceedings, and from this judgment the relator appeals.

The trial judge refused, on the request of the relator, to give his decision in writing as required in actions at law by § 367, Rem. Comp. Stat. [P. C. § 8486], and the relator insists that this is fatal to the judgment entered.

It is our opinion that the relator's contention must prevail. A mandamus proceeding under the code is usually nothing more than one of the forms of proceedings for the enforcement of private rights, having in it all of the elements of an ordinary civil action. *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50; *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207. It is so in this instance, and the rules governing civil actions, in so far as they relate to the present question, must be applied to it. These rules have been heretofore definitely settled. If the merits of the controversy present matters of wholly legal cognizance, the decision must be in writing in which the findings of fact and conclusions of law are separately stated; if the merits of the controversy present matters of equitable cognizance, findings and conclusions are not necessary. In this proceeding nothing but legal questions are presented, and the first of the alternate rules is, therefore, applicable. *Bard v. Kleeb,* 1 Wash. 370, 25 Pac. 467, 27 Pac. 273; *Kilroy v. Mitchell,* 2 Wash. 407, 26 Pac. 865; *Wilson v. Aberdeen,* 25 Wash. 614, 66 Pac. 95; *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *State ex rel. Eilers Music House v. French,* 100 Wash. 552, 171 Pac. 527; *American Surety Co. v. Heether, ante* p. 73, 228 Pac. 857.

There is an argument upon the merits of the con-

troversy, but the merits are not before us for determination. Since we hold the judgment to be irregularly entered on grounds not affecting the merits, this concludes the present inquiry, and any expression of opinion we should make thereon would be advisory rather than mandatory, which the trial court would be privileged to follow or disregard as its judgment dictated.

There need not be, however, a retrial of the cause in the court below. That court has the testimony taken at the former hearing before it and can draw the same conclusions as it would draw were the testimony taken over again. *Colvin v. Clark, supra.* The court, however, is at liberty to admit further testimony if it so desires, and it may not be improper here to remark that the controversy would be, to us at least, much more understandable if something more of the articles of incorporation were in the record; particularly those parts of the articles which set forth the objects for which the corporation is formed.

The cause is remanded to the court from whence it came, with instructions to the trial judge to give his decision in writing, separately stating his conclusions of law and findings of fact and file the same with the clerk of his court, and then enter a judgment thereon. Either party may appeal from the judgment rendered. The relator will recover his costs in this court. The costs in the court below incurred on the former trial and on the rehearing will be allowed to the prevailing party.

Reversed and remanded.