[No. 27345.   Department One.   February 21, 1939.]

ADOLPH KIETZ, *Respondent*, v. GOLD POINT MINES, INC., *Appellant.*[1]

*E. D. Phelan,* for appellant.

*Hyland, Elvidge & Alvord,* for respondent.

MAIN, J.—In the second amended complaint, which will be referred to as the complaint, there are two causes of action, separately stated.   The first is one of equitable cognizance, and the second is purely a cause of action at law.   The trial was to the court without a jury, and, at the conclusion thereof, the court announced that no judgment would be entered upon the first or equitable cause of action, but that judgment would be entered in the law action.   Each of the parties requested findings of fact and conclusions of law, and the court refused to make any findings and entered simply a judgment, from which the defendant Gold Point Mines, Inc., a corporation, appealed.

[1]Reported in 87 P. (2d) 277.

The question at once arises whether findings of fact and conclusions of law were necessary to support the judgment. When the action was begun, one of the causes of action being in equity, the case was properly tried as an equity case; but, when the court, at the end of the trial, declined to give any relief upon the equitable action, the case became one at law.

It has been repeatedly held by this court that, in a law action, findings of fact and conclusions of law are necessary to support the judgment, and that rule has been applied where there is a trial upon the merits and a judgment of dismissal entered. It has also been applied when no request had been made for findings, because the statute (Rem. Rev. Stat., § 367 [P. C. § 8486]) is mandatory. *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *Boe v. Hodgson Graham Co.,* 97 Wash. 444, 166 Pac. 779; *State ex rel. Howland v. Olympia Veneer Co.,* 131 Wash. 209, 229 Pac. 529; *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961; *Mahan v. Springer,* 150 Wash. 510, 273 Pac. 533.

We think the present case, being one at law when the judgment was entered, falls within the rule of the cases cited. Failure to hold in this case that findings and conclusions of law were necessary would tend to relax the rule, and this, we think, should not be done, because, when findings are made, we "have the benefit of his [trial court's] judgment upon the facts as well as upon the law."

In the case of *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171, this observation was made, referring to the statute requiring findings of fact and conclusions of law:

"The statute is sustained by a consideration equally as important: that is, that the facts may be readily understood by this court and that we may know the

questions upon which the parties do not agree. Although the rule is that findings of fact and conclusions of law are unnecessary in equity cases, it is a matter of frequent trouble and embarrassment for us to gather from the whole record in such cases the theory and conclusions of the trial judge upon particular or collateral questions that arise in every case and frequently have an important bearing upon the general result. In the case at bar, the theory of the trial court is not entirely clear to us, nor is it made clear by the briefs of counsel. There are several grounds upon which his judgment may have been rested, and we think that it is asking no less than we are entitled to to have the benefit of his judgment upon the facts as well as upon the law."

The judgment will be reversed, and the cause remanded with direction to the superior court to follow the procedure suggested in the case of *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419.

The costs upon this appeal shall abide the final disposition of the case in this court.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.