[No. 27279. Department One. June 8, 1939.]

S. J. BUOB, *Respondent*, v. FEENAUGHTY MACHINERY COMPANY, *Appellant*.[1]

*Tustin & Chandler*, for appellant.

*Graves, Kizer & Graves*, for respondent.

MAIN, J.—In the complaint in this case, there are three causes of action, separately stated, and each states a cause of action for damages. The defendant denied all liability and cross-complained for the unpaid portion of the purchase price of a tractor which had been sold by the defendant to the plaintiff, and

[1]Reported in 90 P. (2d) 1024.

which resulted in the litigation. The cause was tried to the court without a jury, and resulted in a judgment for the plaintiff, who, not being satisfied with the amount of damages which he had been awarded, appealed. *Buob v. Feenaughty Machinery Co.,* 191 Wash. 477, 71 P. (2d) 559. The opinion upon that appeal sets out the facts fully, and they will not be repeated here. The judgment was reversed, because the plaintiff had not been awarded the amount of damages to which he was entitled. The opinion in the case directed that the judgment be vacated and

". . . the cause remanded with instructions to determine the amount of damages which appellant should recover from the date he first began to use the first tractor."

Judgment was entered in favor of the plaintiff in the sum of $7,194.87, from which judgment the defendant appealed. The trial court did not make any findings of fact or conclusions of law, and none appears to have been requested by either of the parties.

This was an action for damages, and was purely one at law. In such an action, findings of fact and conclusions of law are necessary to support the judgment. In the recent case of *Kietz v. Gold Point Mines, Inc.,* 198 Wash. 112, 87 P. (2d) 277, it was said:

"It has been repeatedly held by this court that, in a law action, findings of fact and conclusions of law are necessary to support the judgment, and that rule has been applied where there is a trial upon the merits and a judgment of dismissal entered. It has also been applied when no request had been made for findings, because the statute (Rem. Rev. Stat., § 367 [P. C. § 8486]) is mandatory. *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamilton,* 86 Wash 478, 150 Pac. 1171; *Boe v. Hodgson Graham Co.,* 97 Wash. 444, 166 Pac. 779; *State ex rel. Howland v. Olympia Veneer Co.,* 131 Wash. 209, 229 Pac. 529;

*State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961; *Mahan v. Springer,* 150 Wash. 510, 273 Pac. 533."

■ There is no distinction between that case and the present one. The judgment in this case is designated as a decree, but it is the substance of the action and not what it is called that is controlling. It is true that, in the judgment, it is provided that the appellant shall return to the respondent all notes, mortgages, and conditional sales contracts canceled, and that the respondent shall deliver to the appellant, at a certain point, the tractor which was then in his possession. These directions, however, cannot possibly be given the effect of turning a law action into an equitable one.

■ There being no findings of fact or conclusions of law, the present judgment cannot be sustained. The procedure in such cases is to return the case to the trial court to make findings of fact and conclusions of law.

The costs upon this appeal will abide the final determination of the action in this court.

The judgment will be reversed, and the cause remanded with direction to the superior court to make findings of fact and conclusions of law.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.