[No. 28201.   Department One.   February 24, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Thor C. Tollefson, Prosecuting Attorney for Pierce County, Respondent,* v. MIKE NOVAK *et al., Appellants.*[1]

[1]Reported in 110 P. (2d) 636.

*S. A. Gagliardi* and *A. M. Ursich,* for appellants.

*Thor C. Tollefson, G. E. Peterson,* and *Hugo Metzler, Jr.,* for respondent.

STEINERT, J.—This action was instituted by the prosecuting attorney of Pierce county to recover upon a bond which had been given pursuant to a judgment obtained in a prior abatement proceeding based upon a violation of the Washington state liquor act. Defendants demurred to the complaint, and, upon the overruling of the demurrer, elected to stand thereon. Judgment was entered for plaintiff, in the full amount of the bond, and defendants appealed.

In their opening argument, appellants call attention to the fact that no findings of fact or conclusions of law were made or entered by the trial court. Although they assign no error upon that ground, appel-

lants nevertheless express the view that, because of the absence of findings and conclusions, the judgment herein is void.

Rem. Rev. Stat., § 367 [P. C. § 8486], provides:

"Upon the *trial* of an *issue* of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly." (Italics ours.)

There is no question but that, in a trial by the court of an issue of fact in a law action, the statute is mandatory. *Kietz v. Gold Point Mines,* 198 Wash. 112, 87 P. (2d) 277; *Buob v. Feenaughty Machinery Co.,* 199 Wash. 256, 90 P. (2d) 1024. Where, however, there has been no inquiry into the facts, or where no question of fact is presented by the evidence, findings are not necessary. *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922; *Giles v. Giles,* 187 Wash. 599, 60 P. (2d) 707. No question of fact was involved in the instant case, and, consequently, there was neither occasion nor necessity for the trial court to make findings.

Turning to the merits of the case, and directing our attention to the complaint and the exhibits attached thereto and made a part thereof, we find the following factual situation: On December 15, 1939, the prosecuting attorney for Pierce county instituted an action against Frank Magrini, Rose Magrini, his wife, and Mike Novak to have certain premises in the city of Tacoma declared a common nuisance, and as such closed for a period of one year. The Magrinis were, at that time, the owners of the premises, and Novak was their tenant under a lease.

The statute under which that action was prosecuted reads, so far as material here, as follows:

"Any room, house, building, . . . or place, . . . where liquor, as defined in this act, is manufactured, kept, sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this act or of the laws of this state relating to the manufacture, importation, transportation, possession, distribution and sale of liquor, and all property kept in and used in maintaining such a place, are hereby declared to be a common nuisance. The Prosecuting Attorney of the county in which such nuisance is situated shall institute and maintain an action in the Superior Court of such county in the name of the State of Washington to abate and perpetually enjoin such nuisance. . . . , and restraining orders, temporary injunctions and permanent injunctions may be granted in said cause as in other injunction proceedings, and upon final judgment against the defendant, such court may also order that said room, house, building, . . . or place, shall be closed for a period of one year; or until the owner, lessee, tenant or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal sum of not less than one thousand dollars ($1,000) payable to the State of Washington, and conditioned that liquor will not thereafter be manufactured, kept, sold, bartered, exchanged, given away, furnished or otherwise disposed of thereon or therein in violation of the provisions of this act or of the laws of this state relating to the manufacture, importation, transportation, possession, distribution and sale of liquor, and that he will pay all fines, costs and damages assessed against him for any violation of this act or of the laws of this state relating to the manufacture, importation, transportation, possession, distribution and sale of liquor. If any condition of such bond be violated, the whole amount may be recovered as a penalty for the use of the county wherein the premises are situated." Rem. Rev. Stat. (Sup.), § 7306-33A [P. C. § 3180-43a], Laws of 1939, chapter 172, p. 521, § 9.

The same section of the statute further provides that, in all cases where any person has been convicted of a violation of the state liquor act or of the liquor

laws of the state, an action may be brought to abate as a nuisance any real estate or other property involved in the commission of the offense for which the conviction was obtained, and that in such abatement action a certified copy of the record of the conviction shall be *prima facie* evidence that the premises against which the abatement proceeding is brought are a public nuisance.

It will be observed that the conditions prescribed by the statute with reference to the bond are twofold: (1) That liquor will not thereafter be manufactured, kept, sold, etc., *"thereon* or therein," that is, on the premises in question, in violation of the liquor laws of this state; *and* (2) that the *principal* on the bond will pay all fines, costs, and damages assessed against *him* for *any* violation of the liquor laws.

Upon the trial of the abatement action, the court entered a judgment and decree in which, after reciting that Novak had on several occasions been convicted of unlawfully keeping and selling intoxicating liquor on the premises in question and that, by reason of such acts and conduct, the premises had become a common nuisance, it was ordered that the premises be closed for a period of one year, or until the owner, lessee, tenant, or occupant thereof should give a bond, in the penal sum of one thousand dollars, conditioned as follows:

". . . that during the period said premises are ordered to be closed, intoxicating liquor will not hereafter be manufactured, kept, sold . . . thereon or therein in violation of the provisions of the laws of the State of Washington in relation thereto and that *in the event* a violation thereof shall be made he will pay all fines, costs and damages assessed against him or them for any violation of the act pertaining to intoxicating liquor or the laws of the State of Washington relating

to the manufacture, importation, transportation, possession, distribution and sale of liquor." (Italics ours.)

It will be noted that the decree, after setting forth the first statutory condition, departs somewhat from the language used in the statute with reference to the second condition, and provides that, *in the event* of a violation of the first condition, the party to be bound by the bond will pay all fines, costs, and damages assessed against him for any violation of the state liquor laws. The interpolation, in the decree, of the phrase "in the event" forms part of the basis of this appeal, as will presently appear.

Following the entry of the judgment and decree in the abatement proceeding, appellant Novak, as principal, and appellants Pellegrini and Cecchi, as sureties, executed the bond here in question. The bond provided, among other things that:

"  .  .  .  if during the period said premises are ordered to be closed, intoxicating liquor will not hereafter be manufactured, kept, sold, bartered, exchanged, given away, furnished or otherwise disposed of *by the above named principal* [Novak] *thereon or therein* in violation of the provisions of the laws of the State of Washington in relation thereto and that *in the event* a violation thereof should be made *by the above named principal,* he will pay all fines, costs and damages assessed against him for any violation of the act pertaining to intoxicating liquor or the laws of the State of Washington relating to the manufacture, importation, transportation, possession, distribution and sale of intoxicating liquor, *then* this obligation shall be null and void, *otherwise* shall remain in full force and effect, for said period of one year." (Italics ours.)

The bond as tendered by appellants was approved by the court on March 8, 1940, and thereafter was filed in the clerk's office.

Attention is called to the fact that the bond as given by appellants also varied from the language of the

statute, in two respects: (1) The first condition in the bond was limited to violations of the liquor laws on the premises *by the principal, Novak,* whereas the analogous provision in the statute refers to *any* violation occurring on the premises, without regard to the identity of the violator; and (2) the second condition in the bond adopted the phrase "in the event," used in the decree, and at the same time repeated the restrictive clause "by the above named principal," thereby making the bond subject to the implication that it was to be effective only *if* there should be a violation on the premises *by the principal himself,* and *if, in addition,* the principal should fail to pay all fines, costs, and damages assessed against *him* for *such* violation; stated conversely, the implication to which the bond became subject by reason of this second variation in language is that, despite a violation of the first condition, the obligation of the bond should *nevertheless* become null and void upon payment by the principal of all fines, costs, and damages assessed against him for *his* violation of the liquor laws.

We have referred to the variations between the requirements of the statute and those of the decree and the bond, respectively, because those variations form the entire basis of this appeal.

Within two weeks after the execution of the foregoing bond, one Tom Jones was charged with, and convicted of, the crime of having intoxicating liquor in his possession at or on the premises here involved, with intent to sell such liquor. For that offense, Jones was fined one hundred dollars and costs, but whether or not the amount so assessed was paid does not appear. Following that conviction, the present action, to forfeit the bond, was instituted by the prosecuting attorney.

As already foreshadowed, appellants' contention is

that the complaint fails to state a cause of action (1) because it was not therein alleged that the *principal* on the bond, Novak, or any person acting through or for *him*, had committed any violation of the liquor laws subsequent to the execution of the bond, and (2) because it was not also alleged that the principal, Novak, had failed to pay any fines, costs, or damages assessed against *him*. According to the language of the bond, it will be recalled, liability thereon was predicated upon violation of the liquor laws "by the principal" named therein, and upon failure of the principal to pay all fines, costs, and damages assessed against him as the result of such a violation.

Appellants rely primarily on the familiar rule that the obligations of an uncompensated surety are strictly construed in favor of the surety. Their initial argument is predicated upon the assumption that the bond here involved is a judicial, or common law bond, and not a statutory bond. That assumption is erroneous.

While Rem. Rev. Stat. (Sup.), § 7306-33A, vests the court with discretion as to whether or not it shall order the premises closed, no such discretion is conferred upon the court with respect to the conditions of the necessary bond in the event that the court should extend the statutory option to the defendants in a particular action. Discretionary power in the court to close the premises is indicated by the word "may" appearing in the statute, while the positive duty of the court to require, in a bond, the conditions set forth in the statute is evidenced by the word "shall."

The court had no power, in the abatement proceedings, to exact a bond different from that required by Rem. Rev. Stat. (Sup.), § 7306-33A; and, although the language of the decree entered in that proceeding varied somewhat from that of the statute, it is apparent

that the court intended to require compliance with the statutory provisions. Concurrently, Novak was desirous of furnishing a bond which would enable him to continue his occupancy of the premises in question. To accomplish that purpose, he was under the duty of furnishing a bond which satisfied the statutory requirements. The conditions exacted by the statute were inexorable, and Novak, to obtain the benefit of the option granted, must be taken to have proffered a bond which was intended to satisfy the requirements imposed by law. The character of the bond was fixed by the requirements of the statute under which it was given, regardless of the fact that its recitals varied from the statutory language. Though defective in form, the bond was nonetheless a statutory bond.

The situation falls squarely within the purview of Rem. Rev. Stat., § 777 [P. C. § 7431], which provides:

"No bond required by law, and intended as such bond, shall be void for want of form or substance, recital, or condition; nor shall the principal or surety on such account be discharged, *but all the parties thereto shall be held and bound to the full extent contemplated by the law requiring the same,* to the amount specified in such bond. . . . " (Italics ours.)

Expressed in the language employed in our decisions, the rule is that the provisions of the statute pursuant to which a bond is given are read into the instrument and are considered part of it. *Snohomish County v. Ruff,* 15 Wash. 637, 47 Pac. 35, 441; *Davis v. Virges,* 39 Wash. 256, 81 Pac. 688, L. R. A. 1917D, 613; *Duke v. National Surety Co.,* 130 Wash. 276, 227 Pac. 2; *Zagar v. Columbia Casualty Co.,* 181 Wash. 487, 43 P. (2d) 949; *Glaspey v. Drolet,* 6 Wn. (2d) 610, 108 P. (2d) 375. Conditions repugnant to the statute will be treated as surplusage, and statutory provisions which are not

expressed in the bond will be inserted therein. *Duke v. National Surety Co., supra*; *Glaspey v. Drolet, supra.*

■ When the provisions of Rem. Rev. Stat. (Sup.), § 7306-33A, are incorporated into the bond, the violations involved in the first condition, those occurring *on the premises,* are not limited to acts committed solely by the principal on the bond, or by one acting through or for him, but include *all* liquor law violations committed upon the premises, regardless of the identity of the person by whom they are committed. Appellants' first objection to the complaint, therefore, cannot be sustained.

■ ■ In support of their second objection, appellants assert that, in any event, Rem. Rev. Stat. (Sup.), § 7306-33A, does not permit forfeiture of the bond upon the mere occurrence of a liquor law violation upon the premises. In addition to such violation, it is contended, there must have been a failure on the part of the violator to pay the fines, costs, and damages assessed against him for the violation. According to appellants, the bond is given for the sole purpose of guaranteeing payment of fines, costs, and damages assessed against the violator. The basis for that contention is, as alleged by appellants, that the statute, being penal, must be strictly construed.

Appellants have a mistaken view, both as to the construction to be given to the statute and as to the purpose which the statute seeks to accomplish. Section 2 of the Washington state liquor act (Rem. Rev. Stat. (Sup.), § 7306-2 [P. C. § 3180-12]) provides:

"This entire act shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and *all* its provisions shall be liberally construed for the accomplishment of that purpose." (Italics ours.) Laws of 1933, Ex. Ses., p. 173, § 2.

Thus the act, although penal in its nature, is to be liberally construed, to the end that its purposes may be accomplished, and one of its specific purposes is to prevent certain places from becoming common nuisances as defined in the act. The primary object sought is not merely to facilitate the collection of fines, costs, and damages, but to discourage and, if possible, to stop infractions of the liquor laws of this state. One of the means adopted by the legislature to secure obedience to those laws was to provide, by Rem. Rev. Stat. (Sup.), § 7306-33A, a procedure by which certain premises which had become addicted to such infractions could be closed for a period of one year.

Foreseeing that an order of closure might be too harsh a remedy under certain circumstances, the legislature further provided that the courts might, in their discretion, order the substitution of a bond in place of a padlock on the premises. At the same time, however, the legislature was evidently of the opinion that such discretion should not be exercised unrestrainedly by the courts, and that limitations which would reasonably assure the accomplishment of the purposes of the state liquor act should be provided. It therefore specified the kind of bond that should be exacted. Two specific conditions were to be imposed: (1) That no liquor thereafter would be manufactured, kept, sold, etc., on the premises, in violation of the liquor laws; *and* (2) that the person furnishing the bond should pay all fines, costs, and damages assessed against him for any violation of such laws.

It is obvious that, of those two conditions, the first was, in the mind of the legislature, the more important, because of the primary object to which it related. The legislature also saw fit to impose the second condition, not only for its security value to the state in subse-

quent prosecutions, but undoubtedly also to further guarantee the performance of the first condition. The second condition, however, was imposed, not as an alternative or as an adjunct to the first, but as a separate, distinct, and independent obligation. The legislative intent in this respect is not only clearly indicated by the use of the word "and," instead of "or," but also is emphasized by the provision in the statute which reads: "If *any* condition of such bond be violated, the *whole* amount may be recovered as a penalty." (Italics ours.)

In this connection, appellants further argue that, under the construction above given, the second condition would be mere surplusage, for the reason that, if the bond may be forfeited for violation of the first condition alone, there would be no necessity for imposing the second condition. That argument is dispelled when we consider the form and effect of the two conditions. The first condition relates to violations committed *on* the premises. The second condition relates to *any* violation of the state liquor laws, whether committed on the premises or elsewhere. The language of the statute thus evidences the intention of the legislature not only to penalize the principal on the bond if certain unlawful acts be committed *on the premises* regardless of the identity of the actor, but also to penalize the principal for his failure to pay fines, costs, and damages assessed for *any* violation of the liquor laws committed by *him*, whether such violations be committed *on or off* the premises.

The case of *United States v. Johnson*, 51 F. (2d) 312, on which appellants rely, is not in point here because the statute on which that case rested is materially different from ours. The Federal statute, 27 U. S. C. A., 111, § 34, although analogous to the statute here in-

volved, provides, with reference to the second condition, that the principal on the bond shall pay all fines, costs, and damages that may be assessed for any violation *"upon said property."* As already indicated, our statute is not so restricted. Appellants' second objection to the complaint is untenable.

In the case now before us, we are, of course, concerned only with violations committed on the premises, and, on the basis of that fact alone, our statute clearly permits forfeiture of, and recovery on, the bond to its full amount, regardless of whether or not the principal has failed to pay any fines, costs, and damages which may have been assessed.

The question of whether or not the forfeiture of the bond acts as a satisfaction of any such fines, costs, or damages is not before us, and we express no opinion thereon.

The judgment is affirmed.

ROBINSON, C. J., MAIN, BLAKE, and DRIVER, JJ., concur.