[No. 29362.    Department Two.    October 13, 1944.]

B. B. COLE, *Respondent,* v. HERBERT OSBORNE, SR., *et al.,*
*Appellants.*[1]

*Wright & Wright,* for appellants.

*James G. Mulroy,* for respondent.

BEALS, J.—The complaint in this action, which was filed February 18, 1943, stated an assigned cause of action against defendants, based upon medical and hospital services rendered by plaintiff's assignor to defendant Herbert Osborne, Sr.  An amended complaint was filed February 2, 1944, by which the amount claimed was somewhat reduced, though the cause of action was not materially changed.

Defendants answered the amended complaint, denying the material allegations thereof, and particularly that they were indebted to plaintiff or his assignor in any sum whatsoever.  By way of an affirmative defense, defendants pleaded the statute of limitations.

The issues having been completed by plaintiff's denials of the allegations in the affirmative defense, the action was tried to the court, with the result that judgment was entered in plaintiff's favor for the sum of $247.85, together with interest and costs, from which judgment defendants have appealed.

Error is assigned upon the failure of the court to make

[1] Reported in 152 P. (2d) 152.

and enter findings of fact and conclusions of law in support of the judgment entered; upon the entry of judgment against appellants without supporting findings of fact and conclusions of law; upon the ruling of the court to the effect that appellants' plea of the statute of limitations was not good as to the entire cause of action pleaded by respondent, or, in any event, upon the entry of judgment against appellants for any sum in excess of $45.25.

This is an action at law for the recovery of money, and was tried to the court without a jury. Rem. Rev. Stat., §§ 367-8 [P. C. §§ 8486-7], read as follows:

" § 367. Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

" § 368. The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason, as far as applicable, and a new trial granted."

Appellants' contention that the judgment appealed from must be reversed, the same not being supported by findings of fact and conclusions of law, is well taken.

In the case of *Colvin v. Clark*, 83 Wash. 376, 145 Pac. 419, which this court held resolved itself into an action at law for the recovery of money, the trial court entered judgment in favor of the plaintiffs without making findings of fact or conclusions of law. The defendant's proposed findings and conclusions were refused. After discussion of several prior decisions of this court, the court held that the judgment was erroneously entered, but that a new trial was unnecessary, and remanded the cause with instructions to make findings and enter a judgment thereon, from which either party might appeal.

The case cited was followed in *Western Dry Goods Co. v. Hamilton*, 86 Wash. 478, 150 Pac. 1171, and *State ex rel. Dunn v. Plese*, 134 Wash. 443, 235 Pac. 961.

In the case of *Kietz v. Gold Point Mines*, 198 Wash. 112, 87 P. (2d) 277, the defendant appealed from an adverse

judgment rendered on a promissory note. No findings of fact or conclusions of law were entered in support of the judgment appealed from, although both parties requested that the court make findings. This court reversed the judgment appealed from, and remanded the cause to the superior court with instructions to follow the procedure suggested in the case of *Colvin v. Clark, supra.* In the course of the opinion, we said:

"It has been repeatedly held by this court that, in a law action, findings of fact and conclusions of law are necessary to support the judgment, and that rule has been applied where there is a trial upon the merits and a judgment of dismissal entered. It has also been applied when no request had been made for findings, because the statute (Rem. Rev. Stat., § 367 [P. C. § 8486]) is mandatory. [Citing cases.]"

The case of *Buob v. Feenaughty Machinery Co.,* 199 Wash. 256, 90 P. (2d) 1024, is to the same effect.

In the two cases last cited, this court directed that the costs upon appeal abide the final determination of the action in this court.

Under the authorities above cited, it is clear that appellants may contend before this court that the trial court erred in failing to make findings of fact and conclusions of law in support of the judgment entered, even though appellants failed to request that findings be entered; and the authorities also establish the principle that recitals in a judgment such as those in the judgment appealed from do not constitute findings of fact sufficient to support the recovery allowed.

Respondent contends that there was no material conflict in the evidence introduced before the trial court and contained in the statement of facts, and that for this reason no issue or question of fact was presented to the court for decision.

Upon the record before us, in the absence of findings of fact, it is not our province to search the record and determine whether or not there is any material conflict in the evidence. The action is one at law, and was tried upon pleadings directly raising issues of fact.

Respondent cites the case of *State ex rel. Tollefson v. Novak,* 7 Wn. (2d) 544, 110 P. (2d) 636, which case was an action instituted by the prosecuting attorney of Pierce county for the purpose of recovering upon a bond which had been given pursuant to judgment entered in a prior abatement proceeding based upon a violation of the Washington state liquor act. The defendants demurred to the complaint, and when their demurrer was overruled elected to stand thereon, whereupon judgment was entered in favor of the plaintiff for the full amount of the bond. On appeal by the defendants, it was suggested that, because no findings of fact or conclusions of law had been entered, the judgment appealed from was void. No issue of fact was presented for decision. This court held that upon the record no question of fact was presented, and that no necessity for the entry of findings existed. The case is not here in point.

We are urged to consider certain questions in connection with the operation of the statute of limitations as a bar to all or a considerable portion of respondent's claim. Upon the record before us, and in the absence of findings of fact, we decline to enter upon any such speculative discussion.

The judgment appealed from will be reversed and the cause remanded, with directions that the judge who tried the action make and enter findings of fact and conclusions of law, to be followed by the entry of judgment, from which either party may appeal.

The costs upon this appeal will abide the final determination of the action in this court.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.