[No. 29642. Department Two. October 4, 1945.]

B. B. COLE, *Respondent*, v. HERBERT OSBORNE, SR., *et al., Appellants.*[1]

*Wright & Wright*, for appellants.

*James G. Mulroy*, for respondent.

GRADY, J.—This action was brought by the respondent against the appellants to recover a judgment upon a claim

[1]Reported in 162 P. (2d) 293.

of The Swedish Hospital for services rendered to Herbert Osborne, Sr., between February 3, 1940, and March 3, 1940. The claim was assigned to the respondent.

The first trial of the action resulted in a judgment for the respondent, but the court did not make any findings of fact, and, upon appeal, the judgment was reversed and the case remanded with directions to the trial court to make and enter findings of fact and conclusions of law to support such judgment as the court might enter. *Cole v. Osborne,* 21 Wn. (2d) 577, 152 P. (2d) 152. Pursuant to the mandate of this court, the trial court made findings of fact and conclusions of law and entered a judgment based thereon from which this appeal has been taken.

In their answer to the amended complaint, the appellants pled the statute of limitations, except as to the sum of $45.25. The rendition of the services by the hospital and the value thereof are not in dispute. The proof submitted by the appellants in support of their defense was that the hospital had a rule or custom known to the appellants that charges for the use of rooms in the hospital were payable weekly in advance, and that the other services rendered to a patient were payable at the end of each week, and that this was made manifest by posted notices to that effect and by stamping each weekly statement rendered as follows: "Room rent payable weekly in *advance* incidentals at the end of *each week.*"

It is urged that, by reason of this situation, the contract between the hospital and the appellants was for the furnishing of a room and rendition of services payable as stated, and, therefore, a cause of action accrued for room rental and incidental services each week, and the statute of limitations commenced to run accordingly. We think this contention would be correct, if such was the contract of the parties, and that the statute would not be tolled by any waiver of the rule on the part of the hospital by failing to insist upon payments as they became due and awaiting the full performance of the contract before demanding payment, as was done in this case. However, the trial court made a finding of fact to the effect that, when appellant

Herbert Osborne entered the hospital on February 3, 1940, he expressly requested that the rule be waived and that its enforcement was waived with his express or implied consent.

The record shows that both of the appellants, prior to the time in question, had been patients at The Swedish Hospital, and, in the case of Mrs. Osborne, the rule may have been followed, as there was introduced in evidence a weekly statement stamped as above quoted. At any rate, the total amount of charges were paid. Mr. Osborne had been served by the hospital twice before, but nothing had ever been paid therefor by him, his reason being that he had not been able to work. The hospital employee who testified stated that the rule referred to had been in force for many years, but it was not invariably applied in all cases; that ordinarily such was the case, and that the statements rendered were ordinarily so stamped so that the attention of the patient would be called to the rule. It appears that in some cases different arrangements had been made when the patient entered the hospital, and that the agreement would be that the payment for room rent and services rendered would not be payable until the patient had been discharged from the hospital, and that in such cases statements rendered were stamped as follows: "All bills due and payable on date of dismissal."

A witness connected with the hospital testified as follows:

"Q. You are acquainted with defendants in this case? A. Not intimately but in a business way. Q. Did either one of them discuss with you the matter of Mr. Osborne's stay at the hospital? A. Yes, Mr. Osborne did. Q. And no exceptions were made in the matter of charges in this confinement? A. Only that there would have to be an extension of time before payment could be consummated, before the bill could be paid. Q. In other words he could not pay in advance? A. In other words he could not pay for some period of time after he left."

The bookkeeper testified that, in the case of Mr. Osborne, his bill was stamped so as to apprise him that it would be payable on date of his dismissal. The appellant Osborne

denied the making of any arrangements different from the rule, and Mrs. Osborne testified that the statements sent to the home, and which she received while Mr. Osborne was in the hospital, were stamped in accordance with the rule. It is significant to note that, while one of Mrs. Osborne's statements so stamped was produced, none of the statements for services to Mr. Osborne so stamped were produced by appellants. The trial judge accepted the version of the transaction as given by the witnesses called by the respondent, and we find nothing in the record that would warrant us in saying that he was not justified in so doing.

■ It is our opinion, from a reading of the record, that, in view of its past experience with Mr. Osborne, the hospital was satisfied of his inability to make payments in advance or weekly, and that, instead of making a contract with him with reference to the rule, it chose to extend him credit, and the mutual understanding when he entered was that the compensation for room rental and services rendered would not be due or payable until he was discharged. Under these circumstances, we do not need to consider whether the hospital could of its own accord waive its rule and thereby extend the time for the commencement of the time of running of the statute of limitations. Under the agreement made between the hospital and Mr. Osborne when he entered February 3, 1940, such indebtedness as he might incur became due and payable March 3, 1940, when he was discharged, and the statute of limitations commenced to run from that date.

The action was timely commenced. The judgment is affirmed.

■ At the close of our opinion on the former appeal, we stated that the costs of the appeal would abide the final determination of the action in this court. When the appellants brought the case here for review, they should have requested the trial court to make and enter findings of fact, and it was because of their failure to do so that this court could not review the judgment but found it necessary to remand the case, in order that the trial judge might make

and enter findings of fact and conclusions of law upon which to base a judgment. The respondent, having ultimately prevailed, is entitled to costs on both appeals, and they will be taxed accordingly.

BEALS, C. J., BLAKE, ROBINSON, and JEFFERS, JJ., concur.