[No. 31100. Department One. January 6, 1950.]

Louis Tobacco, *Appellant*, v. Henry M. Rubatino et al.,
*Respondents*.[1]

*John C. Richards, James Tynan,* and *Max Kosher,* for appellant.

*Clarence J. Coleman* and *Thomas G. McCrea,* for respondents.

Donworth, J.—Plaintiff brought this action to recover damages for fraud alleged to have occurred when he executed a dissolution agreement with his partners, defendants Henry and Fred Rubatino, to whom he sold his interest in

[1]Reported in 212 P. (2d) 1019.

the partnership for one thousand dollars. The complaint alleged that, for many years prior to February 11, 1944, a partnership had been in existence under the name of "City Scavenger," consisting of the plaintiff, the defendants Henry M. Rubatino and Fred P. Rubatino, and Angelo Rubatino. The purpose and business of the partnership was the collection of garbage and refuse in the city of Everett, Washington, and contiguous territory under a municipal license, each of the partners having had a one-fourth interest. The complaint further alleged that Angelo had died before the transaction here involved and that Henry and Fred Rubatino had succeeded to his interest in the business.

It was also alleged that plaintiff executed an agreement on February 11, 1944, whereby he conveyed to his two partners (the defendants) his interest in the business for one thousand dollars, and that this agreement was procured by fraud in that the pretensions and promises of the defendants were false, were known to them to be false, and were made with intent to deceive. That as a result thereof, the plaintiff was misled and beguiled into signing this agreement. In the prayer, plaintiff prayed that he recover judgment in the sum of twenty thousand dollars from the defendants and for such other and further relief as seemed just and equitable.

Defendants answered the complaint and denied that the transaction was not a fair one. For further defenses, they alleged, first, that plaintiff was guilty of laches, and second, that plaintiff by his actions in treating the consideration paid to him as his own had thereby ratified the transaction.

Plaintiff replied to the answer and denied all affirmative matter alleged.

Prior to answering, the defendants moved that the plaintiff be required to elect whether he desired to proceed "by way of rescission or by way of damages." After argument, the superior court denied this motion.

The trial of the cause resulted in the entry of a decree ordering that the plaintiff's action be dismissed with preju-

dice. A motion for new trial having been made and denied, the plaintiff has appealed.

■ Appellant contends that the trial court erred in denying him a jury trial. The proceedings relating to this assignment are the following: After the issues were framed, appellant demanded that the case be tried by a jury. It does not appear from the record whether or not the requisite fee was paid to the clerk in compliance with Rem. Rev. Stat., § 316 [P.P.C. § 99-1]. In such a situation, appellant will be deemed to have waived his demand for a jury. *Bargreen v. Little*, 27 Wn. (2d) 128, 177 P. (2d) 85.

■ Furthermore, respondents moved that the demand for a jury be stricken on the ground that the issues were equitable in nature and that the cause was not a proper one to be tried before a jury. There is nothing in the record to show what, if any, disposition was made of this motion by the superior court. However, a few months later, appellant noted the case for assignment for trial as a nonjury case. When the case came on for trial, appellant did not renew his demand for a jury trial but presented his evidence to the court, and the case was tried as a nonjury case. Under these circumstances, even assuming that the jury fee had been paid to the clerk, we are of the opinion that appellant has waived his demand for a jury trial. *Zilke v. Woodley*, 36 Wash. 84, 78 Pac. 299.

Appellant also assigns as error the refusal of the trial court to make findings of fact. At the conclusion of the trial, the court rendered an oral decision in favor of respondents. At the end of its oral decision the court stated:

"I don't know that findings of fact in formal form are required in this cause; it started as one of equity, and it ends as one, even though, as was earlier ruled, the equitable remedy of rescission was not available to the plaintiff because he had never offered back what he did receive, and one who would rescind and get back what he gave must, at least, offer to give back what he has.

"I assume the decree will simply be one of dismissal for want of proof for ground of rescission or of recovery of damages."

■ Whether the trial court was correct in declining to make and enter findings of fact, depends upon the nature of the case before it. If this is a law action, findings of fact and conclusions of law are required under the provisions of Rem. Rev. Stat., § 367 [P.P.C. § 98-1]. If the action is of equitable cognizance, it is optional whether findings be made or omitted.

This court recently had occasion to consider this problem in *Cole v. Osborne,* 21 Wn. (2d) 577, 152 P. (2d) 152. After citing with approval its earlier decisions in *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171; *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961; *Kietz v. Gold Point Mines,* 198 Wash. 112, 87 P. (2d) 277; and *Buob v. Feenaughty Machinery Co.,* 199 Wash. 256, 90 P. (2d) 1024, it was said:

"Under the authorities above cited, it is clear that appellants may contend before this court that the trial court erred in failing to make findings of fact and conclusions of law in support of the judgment entered, even though appellants failed to request that findings be entered; and the authorities also establish the principle that recitals in a judgment such as those in the judgment appealed from do not constitute findings of fact sufficient to support the recovery allowed.

"Respondent contends that there was no material conflict in the evidence introduced before the trial court and contained in the statement of facts, and that for this reason no issue or question of fact was presented to the court for decision.

"Upon the record before us, in the absence of findings of fact, it is not our province to search the record and determine whether or not there is any material conflict in the evidence. The action is one at law, and was tried upon pleadings directly raising issues of fact."

See, also, *Cleator v. Daniels,* 24 Wn. (2d) 542, 166 P. (2d) 461.

■ The character of the action is to be determined from the allegations of the complaint upon which the case was tried, since there were no amendments to the pleadings made during the trial and no facts were developed at the trial which changed the nature of the action.

Paragraphs IV and VII of the complaint contain the gist of the cause of action. In these, it is alleged:

"That in the latter part of 1943 or the early part of 1944, the plaintiff became ill in body and mind, and was unable to take an active part in said business, and was required to hire another person to perform his duties for the time being. That about this time the defendants conceived the design and plan of acquiring the interest in said business held by the plaintiff for a trifling sum and thereby to over-reach and defraud the plaintiff. That in pursuance thereof they called the plaintiff into conference with them in the office of their attorney and then threatened and intimidated him in the effort to secure a transfer of his interest to themselves. That the plaintiff being sick in body and mind as aforesaid, and in no condition to attend to his affairs, nor to see where his best interests lay, and not being given an opportunity to consult with friends, or with counsel, and being assailed with threats, importunities, and intimidations, finally consented to transfer his interest in said business to the defendants for the sum and consideration of One Thousand ($1,000.00) Dollars. That said transfer was evidenced by a written agreement dated February 11, 1944, recorded February 11, 1944, in volume 45 Miscellaneous, page 57, records of said Snohomish County, Washington, to which reference is hereby made and the same is hereby made a part hereof."

"That at the time of the execution of said agreement, to-wit: On February 11, 1944, the plaintiff was not mentally competent to comprehend the nature of/or transact business, and this fact was well known to the defendants.

"That the aforesaid agreement was procured by fraud, in this, that the pretensions and promises of the defendants were false, were known to be false, and were made with intent to deceive. That as a result thereof, the plaintiff was mislead and beguiled into signing an agreement, which was not a true representation of his thoughts and was procured by the defendants with intent to deceive as aforesaid."

We are of the opinion that this is an action at law wherein appellant is suing for damages alleged to have been caused by the fraudulent acts of respondents described in the complaint. Under the decisions of this court above cited, the trial court erred in failing to make findings of fact

and conclusions of law as required by the statute (Rem. Rev. Stat., § 367).

In view of the necessity of remanding this case to the trial court for the purpose hereinafter stated, we do not pass upon the remaining errors claimed by appellant.

The judgment is reversed, and the case remanded to the superior court from whence it came with instructions to the trial judge to cause findings and conclusions to be prepared, and to enter judgment thereon from which either party may appeal. The costs upon this appeal will abide the final determination of this action.

SIMPSON, C. J., SCHWELLENBACH, GRADY, and HAMLEY, JJ., concur.