[No. 31409. Department Two. November 30, 1950.]

LOUIS TOBACCO, *Appellant*, v. HENRY M. RUBATINO *et al.*, *Respondents.*[1]

*James Tynan* and *Max Kosher*, for appellant.

*Clarence J. Coleman* and *Thomas G. McCrea*, for respondents.

ROBINSON, J.—This action arose out of an agreement dissolving a partnership formerly existing between the plaintiff and the defendants, whereby the plaintiff sold his interest in the partnership assets to the other partners for the sum of one thousand dollars. The plaintiff filed his complaint in July, 1947. The gist of the complaint was that, in the latter part of 1943, plaintiff became ill in body and mind, whereupon the defendants conceived a design and plan to acquire his interest in the partnership for a trifling sum, and to overreach and defraud him; that, in pursuance of that

[1]Reported in 224 P. (2d) 1073.

plan, they called him into a conference, and threatened and intimidated him, in an effort to secure a transfer of his interest to themselves; that, being sick in body and mind, and in no condition to attend to his affairs, and being assailed with threats, importunities, and intimidations, he finally agreed to transfer his interest in the business for the sum of one thousand dollars, and that he did transfer it by executing a written instrument to that effect on February 11, 1944. It was further expressly alleged that his consent to the aforesaid agreement was procured by "fraud."

The cause came on for trial in the superior court of Snohomish county in February, 1949, and, after hearing a great deal of evidence, the trial court entered a decree dismissing the action, with prejudice, and granting the defendants their costs. Plaintiff moved for a new trial, which was denied. Plaintiff at once gave notice of an appeal to this court, which was duly perfected. This court rendered its decision in that appeal on January 6, 1950, disposing of it as follows:

"We are of the opinion that this is an action at law wherein appellant is suing for damages alleged to have been caused by the fraudulent acts of respondents described in the complaint. Under the decisions of this court above cited, the trial court erred in failing to make findings of fact and conclusions of law as required by the statute (Rem. Rev. Stat., § 367).

"In view of the necessity of remanding this case to the trial court for the purpose hereinafter stated, we do not pass upon the remaining errors claimed by the appellant.

"The judgment is reversed, and the case remanded to the superior court from whence it came with instructions to the trial judge to cause findings and conclusions to be prepared, and to enter judgment thereon from which either party may appeal. The costs upon this appeal will abide the final determination of this action." *Tobacco v. Rubatino,* 35 Wn. (2d) 398, 212 P. (2d) 1019.

It appears that, upon the receipt of the opinion of this court, counsel for each of the contending parties proposed findings of fact and conclusions of law, and that the trial judge, after again reviewing the some four hundred pages of evidence given at the trial, refused to sign the findings

of fact and conclusions of law proposed by the plaintiff and signed those proposed by the defendants.

The above is evidenced by the certificate of the trial judge to a short statement of facts in which was included the following memorandum decision, filed February 20, 1950:

"This is to advise respective counsel that on this 20th day of February, 1950, after review of the Statement of Facts on file herein in the Supreme Court of the State of Washington, I am signing and filing the Defendants' Proposed Findings of Fact and Conclusions of Law with provision therein that such are made pursuant to the mandate of the Supreme Court in this case and as of the date of submission of the cause for determination.

"I am, also, on this date endorsing upon the Plaintiff's Proposed Findings of Fact and Conclusions of Law my reasons for their denial, in substance, that there is included in such a large portion of evidentiary matter not ultimate facts to be found, and that such are not in conformity to the evidence and the proofs.

"As I recall, there was presented me, also, on behalf of Defendants a form of Judgment for signature. It is not my understanding that any further Judgment is required to be filed herein other than has been.

"Dated this 20th day of February, 1950.

"Ralph C. Bell [Signed]
Judge above entitled court."

We will not further lengthen this opinion by quoting in full, or even attempting to fully epitomize, the findings of fact entered by the trial court in complying with the direction of the court in the closing paragraphs of our former opinion in this cause, reported in 35 Wn. (2d) 398, 212 P. (2d) 1019. However, we will quote two of the most significant of the findings and the conclusions of law entered by the trial judge on February 20, 1950:

"FINDING OF FACT VI. That defendants made no false or fraudulent representations to induce the sale and used no duress nor undue pressure on plaintiff; that no facts or figures were concealed from plaintiff whatever; that the partners had a monthly split up of the income which plaintiff received and plaintiff had full knowledge and opportunity of knowledge of the income and all affairs of the

business and there was no proof of fraud, overreaching, undue influence or reliance on fiduciary.

"FINDING OF FACT VII. That on February 11, 1944, plaintiff possessed sufficient mind and power to reason to enable him to know and understand what he was doing, and the nature, terms and effect of the transaction that day consummated, and was able to exercise his will with reference thereto, and that plaintiff failed to prove any lack of mental power or will power to consummate the transaction.

"     .   .   .

"CONCLUSIONS OF LAW:   I. That plaintiff's action be dismissed with prejudice.

"II. That defendants recover judgment for their costs and disbursements against plaintiff to be taxed by the Clerk.

"DONE IN OPEN COURT this 20 day of February, 1950.

"[Signed] RALPH C. BELL,
Judge."

In our opinion, the conclusions of law entered by the trial judge have a solid foundation in the findings of fact, in view of the fact that this was a fraud action and the plaintiff's principal allegations were that he was maneuvered into selling his interest in the partnership by undue influence, at a time when he was mentally unable to understand what he was doing, since the findings of fact held that defendants made no false or fraudulent representations to induce the sale and used no duress or undue pressure on plaintiff, and further held that no facts or figures were concealed from the plaintiff whatever, and that there was no proof of fraud, overreaching, undue influence, or reliance on fiduciary; and further expressly held that, on the day the transaction was consummated, plaintiff possessed sufficient mind and power to reason to enable him to know and understand what he was doing and the nature, terms and effect of the transaction that day consummated, and was able to exercise his will with reference thereto, and that plaintiff failed to prove any lack of mental power or will power to consummate the transaction.

However, the appellant attacks the findings of fact. The trial judge stated, in his memorandum opinion filed on February 20, 1950 (quoted in full earlier in this opin-

ion), that, prior to making the findings of fact, he had reviewed the complete statement of facts filed in this court on the first appeal. That statement of facts is still in our files. It is more than four hundred pages in length, and is certified to contain all of the evidence introduced at the trial of the case. We have also carefully examined it, and are satisfied that it warrants the findings of fact made by the trial court in complying with the request made by this court in the first opinion filed in this cause in 35 Wn. (2d) 398, 212 P. (2d) 1019.

We have no inclination to substitute findings of our own for those made by the trial judge. He saw and heard the witnesses testify.

Appellant has made numerous other assignments of error. We do not think that they have sufficient semblance of merit as to require discussion here.

The judgment of the trial court from which this appeal is taken will stand affirmed. It is so ordered.

SIMPSON, C. J., MALLERY, HILL, and HAMLEY, JJ., concur.

---

January 30, 1951. Petition for rehearing denied.